CASE 13—ACTION BY E. A. GREEN AGAINST WM. P. GREEN'S EXECUTOR TO RECOVER FOR WORK DONE FOR DECEDENT —NOVEMBER 18.

## Green's Exr. v. Green.

APPEAL FROM GRANT CIRCUIT COURT—JOHN M. LASSING, CIRCUIT JUDGE.

FROM THE JUDGMENT BOTH PARTIES APPEAL.   REVERSED ON BOTH APPEALS.

CONTRACTS—RENDITION OF SERVICES TO RELATIVE—RECOVERY—EVIDENCE—NECESSITY OF CONTRACT—WITNESSES—CLAIM AGAINST DECEDENT'S ESTATE.

1. In an action against an administrator to recover for services rendered to the intestate, plaintiff was incompetent to testify as a witness in his own behalf.
2. Where in an action against an administrator to recover for services rendered the intestate, plaintiff was allowed to testify in his own behalf without objection, and the admission of such evidence was not assigned as error in support of a motion for a new trial, error in the court's ruling on such evidence was of no avail to defendant on appeal.
3. In an action against an administrator for services rendered the intestate in the way of looking after his farm and nursing and caring for him while ill, it was proper to permit neighbors and friends of both parties who professed to know the nature of

the services and their value, to testify as to the value of such services.

4. In an action against an administrator to recover for services rendered the intestate, the uncle of plaintiff, in the way of caring for his farm, nursing and caring for him in his last illness, plaintiff could not recover in the absence of some proof that both parties intended and expected that compensation should be paid.

CLORE & GREEN, ATTORNEYS FOR APPELLANT

1. We submit that all the statements made by the plaintiff in support of his claim for services rendered for the decedent are incompetent.

2. There is no evidence that the deceased ever agreed or promised to pay for the plaintiff's services.

3. A statement by deceased that plaintiff should be well paid for his services, do not amount to a promise to pay. Reynolds v. Reynolds, 13 R., 793.

4. The evidence shows that what services were rendered by plaintiff were rendered gratuitously without any expectation of reward or compensation.

5. The claim sued on was not made out and proven, and demand made of the executor for payment as required by the statute

6. An instruction by the court to the jury, that if "you believe that plaintiff rendered decedent any services. and that said services were accepted by the decedent, you should find for the plaintiff the value of such services" was erroneous, without adding that the services must be rendered with an intention of the plaintiff to charge for same. Lowe, Admr., v. Webster, 19 R., 1208; Baxter's Admr. v. Knott, 19 R., 1973; Frailey's Admr. v. Thompson, 20 R., 1179.

W. W. DICKERSON AND R. L. GREENE, ATTORNEYS FOR APPELLEE.

1. Where there is an insufficient verification of a claim against a decedent's estate it can only be taken advantage of by affidavit filed and motion for a rule to show cause why it should not be dismissed. Thomas v. Thomas, 5 B. M., 178; Lyons, Exr., v. Logan County Bank, 25 R., 1668; 79 Ky., 583.

2. The general denial of every item of plaintiff's account, and an allegation that it was a gratuity, put the claim in issue, and upon a trial by a jury all errors in the pleadings were cured by the verdict.

4. Where no objection is made to the evidence of a plain-

tiff who testifies for himself against a decedent, the objection
is waived and the evidence is not incompetent.

5. While the defendant objected to the instruction given by the
court, he did not offer any instruction in lieu thereof, and can
not now be heard to complain.

6. The verdict of the jury is responsive to the issue made, is
a just and fair finding and should be affirmed.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

This action was instituted in the Grant circuit court by
the appellee, Elijah A. Green, to recover from appellant,
the executor of William P. Green, a claim of $950, alleged
to be due him from the decedent's estate for work performed
by him at the special instance and request of the decedent
within two or three years next before his death, and which
had never been paid.   The appellee was the nephew of Wil-
liam P. Green, and lived some two miles from the residence
of the latter.   The uncle was an old man, greatly afflicted;
and practically helpless.   The services of appellee consisted
in feeding the decedent's stock, looking after his farm, and
other menial work, but particularly in nursing and caring
for him while sick.   He sat up with him at night, gave him
injections so that his bowels would properly perform the
functions of nature, carried out and emptied the slops, and
performed other services for the sick man of a nauseating
character.   The answer placed in issue the material allega-
tions of the petition, and alleged affirmatively that the ser-
vices rendered by appellee were gratuitous, being such as
a relative and neighbor would naturally render without ex-
pectation or hope of reward.   This was denied by a reply,
thus completing the issues.   A trial by jury resulted in a ver-
dict and judgment in favor of the plaintiff (appellee) for the
sum of $600.   Of this appellant now complains.

The objection of appellant that the claim of appellee was
not properly proved as required by section 3870, Ky. St., is

untenable. An examination of the claim, as made out, shows that it comes up fully to the statutory standard, and the trial court properly overruled the motion to dismiss the case on that ground.

The appellee was unquestionably incompetent to testify as a witness in his own behalf against the estate of the decedent, but he was allowed to do so without objection on the part of appellant, and the fact that this was permitted by the court was not assigned as error in support of the motion for a new trial. Therefore the objection to the court's ruling on this subject can not avail appellant on appeal.

It is urged that the witnesses who testified to the value of appellee's services did not qualify themselves as experts to depose on that subject. These were the neighbors and friends of both the appellee and his deceased uncle. They all professed to know the nature of the services rendered, and their value, and, while they were not professional nurses, we think they were competent, under the circumstances, to express an opinion as to what the services were reasonably worth.

At the close of the testimony, the court instructed the jury as follows: "If you believe from the evidence that the plaintiff rendered the decedent any services, and that said services were accepted by the decedent, and that the plaintiff has not been paid for said services, then you will find for said plaintiff such sum as you believe from the evidence in this case would be a just and fair compensation to plaintiff for the services which you find he rendered the decedent, not exceeding $750, the amount claimed in the petition." This instruction does not correctly state the rule of law applicable to this case. Galloway's Adm'r v. Galloway, 70 S. W., 48, 24 Ky. Law Rep., 857, was, in principle, similar to the one at bar. The claimant was the niece of the decedent,

and claimed from his estate pay for household services ren-
dered him. The court, in the opinion, said: "There was some
proof that Nelson Galloway intended and expected that ap-
pellee should receive pay for her services from him, and also
that she expected to be paid something, probably by devise;
but there is no pretense of any sort of contract or agreement
as to amount, or how or when the payment was to be made."
The court instructed the jury in three instructions that,
in order to find for plaintiff, they must believe that the ser-
vices were rendered; that there was an intention and expecta-
tion on the part of both appellee and decedent that she
should be paid therefor, and that the services were per-
formed at the instance or request of decedent with this in-
tention and expectation or agreement on the part of both
appellee and decedent; that, unless these facts were found,
the verdict must be for defendant. Instructions Nos. 1b
and 2b, given in the case cited, aptly state the law in this,
and are as follows: "No. 1b. If the jury believe from the
evidence that the plaintiff, Maggie Galloway, within the
time beginning August 24, 1894, and ending August 24, 1899,
did, at the instance or request of Nelson Galloway, render
to him services or labor in the way of looking after and
keeping clean and in order his room in the house in which
he lived, making up and dressing his bed, mending, washing,
and darning his clothing, or in cooking for the family, of
which he was a part, or did, after her father's family and
said Nelson Galloway ceased to occupy the same house, at
the instance or request of said Nelson Galloway, cook his
meals, carry them to his room in cold weather, wash or mend
his clothing, dress and keep in order his room, or perform
such general housework for him; and shall further believe
from the evidence that said service and work, if any, was
rendered by the plaintiff with the intention and expectation

on her part; and the intention and expectation or agreement on said Nelson Galloway's part that she should be paid therefor—they should find for the plaintiff the customary and reasonable value of her services and labor so rendered by her, if any, as shown by the evidence, to said Nelson Galloway, not to exceed $10 per month, nor $600 in the aggregate."

"No. 2b. Second, upon the other hand, although the jury may believe from the evidence that labor and services were performed by the plaintiff for said Nelson Galloway of the character described in her petition, and at his instance and request; and if they further believe from the evidence that the same were performed without any intention at the time upon her part to charge her uncle therefor, or intention or agreement on his part to pay therefor, the law will presume that such labor or services were performed gratuitously, and in that event the jury should find for defendant." Upon the return of the case the above instructions should, in legal substance, be given as the law upon the next trial. To the same effect are Reynolds v. Reynolds, 18 S. W., 517, 13 Ky. Law Rep., 793; Lowe's Adm'r v. Webster, 43 S. W., 217, 19 Ky. Law Rep., 1208; Baxter's Adm'r v. Knox, 44 S. W., 972, 19 Ky. Law Rep., 1973; and Frailey's Adm'r v. Thompson, 49 S. W., 13, 20 Ky. Law Rep., 1179.

It is insisted by counsel for appellee that, because appellant did not present instructions to the court, he can not be heard to complain of the instruction given, although it may be erroneous. This is not the rule. In City of Louisville v. Keher, 117 Ky., 841, 79 S. W., 270, 25 Ky. Law Rep., 2003, it is said: "The rule is that only errors prejudicial to the substantial rights of the party complaining are grounds of reversal. In civil cases the circuit court is not required to give the whole law of the case in his instruction, but it is

incumbent upon the litigants to ask such instructions as they deem proper." The error in the instruction given was prejudicial to the substantial rights of the appellant, it permitting the jury to find for appellee (plaintiff) if the evidence shows that the services were rendered to and accepted by the decedent, and had not been paid for; all of which might have been true without affording appellant any right to recover under the principle enunciated in the cases above cited. The fact that appellant offered no instruction of his own preparation did not waive a positive and prejudicial error in the instructions given by the court.

The court struck from appellee's claim an item of $200, because he could not itemize it with sufficient certainty and definiteness. From this ruling of the court appellee has prosecuted a cross appeal. This claim is rather vague and indefinite, but, considering the fact that the parties were farmers, and unused to the keeping of books or accounts, we think it should have been submitted to the jury.

For the reasons indicated, the judgment is reversed on the original and cross appeals for further proceedings consistent herewith.