## Sutherland v. Sutherland's Exors.

(Decided March 9, 1911.)

### Appeal from Mercer Circuit Court.

Decedents' Estates—Claim for Board, Nursing and Attention During Deceased's Life—What Claimant for Payment Must Show.— Where one owes another a moral obligation that would influence Him to render personal services, such as nursing and attention in his last illness, the party rendering such services can not recover therefor unless he shows, either that they were rendered under an express contract by the terms of which he was to be paid for, or that at the time they were rendered the party rendering them expected compensation, and the party receiving them expected to pay therefor.

E. H. HARDIN and J. T. WILSON for appellant.

E. H. GAITHER for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Dr. John Sutherland died a resident of Harrodsburg, Kentucky, in June, 1909. At the date of his death he was indebted to the Bank of Harrodsburg for about $300, and shortly after his death the bank brought a suit for the settlement of his estate. The case was referred to the master commissioner to hear proof of claims. Among others filed was one by Josephine Sutherland, wife of his son, Ed Sutherland, for $840 for board, nursing and attention given to the decedent during the last fourteen months of his life. The master took proof upon the claims and allowed this one. Exceptions were filed to the master's report, and the court was of opinion, on the trial of these exceptions, and so held, that the claimant was not entitled to compensation for the services for which she sought to charge the estate. Being dissatisfied with this finding and judgment, she appeals.

This court has frequently held, that where one owes another a moral obligation that would influence him to render personal services of the character here charged for, the party rendering such services cannot recover therefor unless he shows one of two things: Either that they were rendered under an express contract, by the terms of which he was to be paid therefor, or else that at the time the services were rendered the party rendering

same expected compensation. and the party receiving them intended to pay therefor.

In Green's Exor. v. Green, 119 Ky., 103, it was held that compensation for services rendered an uncle by a nephew, in the way of caring for his farm and nursing and caring for him in his last illness, could not be recovered in the absence of proof showing that both parties intended and expected that the services should be paid for. To the same effect is Galloway's Admr. v. Galloway, 24 Rep., 857. In the latter case there was an attempt made to recover for services of this character rendered an uncle by a niece.

In the case at bar the claimant is a daughter-in-law. Her father-in-law, an old man, moved from the country into the city, and bought a house near her mother's, and they moved into it. There they lived together during the last few months of his life. The evidence shows that to several of their neighbors and acquaintances he stated that his daughter-in-law was very kind and good to him and he intended she should be rewarded for it. To others he stated that he had bought a home for them to live in; and to still others he gave expressions of his kindly feelings towards his daughter-in-law and his appreciation of the way and manner in which she served and waited upon him. In his will he evidently attempted to make provision to compensate for this service, for he gave to her husband $200 more than he did to his other children, and in addition provided that they should occupy the home where he was living with them free of rent for twelve months after his death. No satisfactory reason is shown why he should have favored appellant's husband over his other children except as a reward for the service which he and his wife, the appellant, rendered him during the latter months of his life. The evidence introduced cannot be said to amount to a promise on his part to pay, or to show that he expected to pay for this service, or that appellant, when rendering it, expected to charge therefor. It simply amounts to an expression of appreciation on his part of the way in which he was cared for in his son's family. He manifested this appreciation by purchasing a home for himself, where he lived with his son and the appellant until he died, and by providing in his will for this son more liberally than for any of his other children. The record shows that deceased had lived with this son and his wife some six or seven years

before the occasion when he moved in with them for which it is sought to recover on the claim sued here. During that time no charge was made for board or for care and attention given her father-in-law, and it is quite evident, when all the evidence is considered, that when he came to town to live with his son he was not expecting to pay board for such attention as her received there in his son's family. He came to live with him because they had theretofore lived together and got along well, and he was fond of his daughter-in-law. She was kind and good to him. During his stay in the city there is no evidence to the effect that the suggestion was ever made that he pay for this service. His son was a man of moderate means, was a renter up to the time his father purchased the house into which they moved, and if compensation had at that time been expected by appellant or her husband, some claim therefor should have been presented during the life of her father-in-law.

On the whole case we are of opinion that the chancellor reached the right conclusion, and his judgment is affirmed.