## John Barton Payne, Agent v. Combs.

(Decided April 24, 1923.)

## Appeal from Breathitt Circuit Court.

1. Carriers—Petition for Injuries to Woman Compelled to Ride in Smoker Held Sufficient.—A petition alleging that plaintiff, a woman, was directed by the agent of a carrier to ride in a smoking car, and that the conductor paid no attention to her objection thereto, and that while in the car other passengers therein used obscene and boisterous language, and two of them became involved in a quarrel while standing by her seat, as a result of which she was badly frightened and humiliated, received a nervous shock that resulted in confinement to her bed for a period, and from which she suffered for some time, is sufficient against a demurrer.

2. Carriers—Women Should not be Assigned Seats in Smoker, if They Object.—Though the only statutory duty as to segregation of railroad passengers is the provision for the separation of the races, found in Ky. Stats., section 795, so that it is not, as a matter of law, a breach of duty to assign a female passenger to a seat in the smoking car, such passenger should be permitted to enter a ladies' coach, if room is available therein, and should not be required to ride in the smoker, if smoking is offensive to her, and that fact is communicated to the agent in charge of the train; but if she voluntarily enters the smoker, and fails to request the agent to find her a seat elsewhere, she cannot complain of the smoke.

3. Carriers—Must Furnish Comfortable Accommodations, and Protect Passengers From Insults or Indecent Treatment.—It is the duty of a railroad company to furnish to passengers reasonably comfortable accommodations for their passage, and to exercise the highest degree of care to carry them safely to their destination, and if it has notice of passengers being in danger of violence, insults, or indecent treatment at the hands of a fellow passenger, it must use its best endeavors for their protection.

4. Carriers—Evidence Held to Show Breach of Duty to Protect Lady Passenger from Insults.—Plaintiff's testimony that she was directed by the agent in charge of a train to ride in the smoker, and that when she complained to the conductor of the obscene and insulting language used by other passengers, and of a quarrel be-

tween them near her seat, he paid no attention, is sufficient, if true, to show a violation of the carrier's duty to the passengers.

5. Carriers—Instruction Permitting Jury to Find Damages for Insult, Without Stating Measure, Held Erroneous.—In an action for injuries to a female passenger, who was compelled to ride in the smoker and subjected to insults therein, an instruction to find for the plaintiff such damage as the jury believed she has sustained, not exceeding the amount sued for, without furnishing to the jury any guide for determining the amount of damage that should be assessed, was erroneous.

6. Carriers—Female Passenger, Riding in Smoker, Cannot Recover for Annoyance of Smoke, Unless She Complained of it.—Where the petition by a female passenger, who claimed she was directed to ride in the smoker and was therein insulted by other passengers, did not claim that the smoking of the other passengers in the car was offensive, or that she so informed the conductor, it was error for the instructions to allow the jury to award damages for the smoking.

B. D. WARFIELD and O. H. POLLARD for appellant.

E. C. HYDEN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is an appeal from a judgment of $500.00 rendered in favor of Mrs. Martha Combs against the Louisville & Nashville R. R. Co. in a suit in the Breathitt circuit court.

It appears that on the 23rd of December, 1919, Mrs. Combs was in Jackson purchasing Christmas presents for her family. On her return she took passage on appellant's train. She claims that she went upon the platform between the smoker and ladies' coach preparatory to entering the latter, when the agent in charge directed her to enter the smoker, and took hold of her arm and shoved her in the door of that car.

She was accompanied by her eight-year-old son and the two took the first vacant seat, she sitting next to the aisle. She states the car was filled with drunken passengers, who were cursing and using obscene and boisterous language, and two of them became involved in a quarrel while standing in the aisle by her seat. One of them leant over her and she had to draw back to avoid contact with him. The conductor came in while this was going on and she requested to be permitted to enter the other car, his only answer being, "Tickets please," whereupon he passed on. The parties engaged in the difficulty got

off at Elkatanaw about three miles from Jackson, but the boisterous, obscene and profane language continued until she reached her destination, nine miles from Jackson. She was badly frightened and humiliated and received a nervous shock that resulted in confinement to her bed for a period, and from which she suffered for some time.

She was corroborated as to the facts by her little boy, and as to her illness partially corroborated by others. The conductor and brakeman in charge of the train deny *in toto* all of the facts claimed by her and have no memory of any lady riding in the smoker at that time, and their evidence is largely corroborated by other passengers.

The pleadings fairly represented the above issues of fact, and while it is insisted that a demurrer should have been sustained to the petition we conclude differently.

The only statutory duty in this state as to the segregation of railway passengers is the provision for a separation of the races found in section 795, Ky. Statutes, and it cannot be said as a matter of law that it is a breach of duty to assign a female passenger to a seat in the smoking car, but usually the "ladies'" coaches are better furnished, more comfortable, quieter and more orderly than the ordinary smoker, and presumably ladies prefer to ride in the former; indeed, by habit and practice it has become the universal custom for them to do so, and the presence of a woman in a smoker would of itself attract attention and possibly lead to comment. Upon boarding a train a lady should be permitted to enter a ladies' coach if room is available, and certainly should not be required to ride in the smoker if smoking is offensive to her, and that fact is communicated to the agent in charge of the train. But if she voluntarily enters the smoker and smoke is objectionable, it would seem she could either go in another car or notify the agent in charge and request him to find a seat elsewhere, and failing in this she could not complain of the smoke, as the car is especially set apart for the use of smokers.

It is the duty of the railway company to furnish to its patrons reasonably comfortable accommodations for their passage and to exercise the highest degree of care to carry them safely to their destination, and if it has notice of a passenger being in danger of violence, insult or indecent treatment at the hands of a fellow passenger it is its duty to use its best endeavors for his protection, and it is liable for an injury resulting from a failure to exercise such duty. Tate v. I. C. R. R. Co., 26 Rep. 309;

Kinney v. L. & N. R. R. Co., 99 Ky. 59; Clark v. L. & N. R. Co., 20 Rep. 1839; Winnegar's Admr. v. Central Passenger Ry. Co., 85 Ky. 553.

Plaintiff's evidence above set out, if true, shows a violation of this duty, and the lower court did not err in overruling a motion for a peremptory instruction for defendant. No separate measure of damage instruction was given by the court, but in the first instruction, after submitting the hypothesis upon which a recovery could be had, they were told, "they will find for the plaintiff such damage, if any, as they believe from the evidence she has sustained, not exceeding $5,000.00." This did not furnish the jury any guide for determining the amount of damage that should be assessed, but made them in this respect judges of the law and facts, with a free rein to fix the amount at anything less than the total amount claimed. This was erroneous. Elswick v. Ramey, 157 Ky. 639; Weil v. Hagan, 161 Ky. 292; L. H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820; C. St. L. & N. O. R. R. Co. v. Hoover, 147 Ky. 33.

Also under the facts of this case the smoking of passengers is not an element of damage, as appellee does not claim it was offensive or that she so informed the conductor. On another trial if the evidence is the same all reference to it should be omitted in the instructions. The other matters complained of are not likely to occur in another trial.

For reasons stated the judgment is reversed and cause remanded for proceedings consistent with this opinion.