# Poston et al. v. Lothridge's Executor.

(Decided March 2, 1934.)

MAURICE D. BURTON for appellants.
BISHOP S. HUNTSMAN for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

The Bowling Green Trust Company, as the executor of Mrs. L. C. Lothridge, brought this action on August 4, 1932, against W. C. Poston and his wife to recover on a note for $200, executed September 26, 1924, by Poston and his former wife and secured by a mortgage on a house and lot. Poston filed answer, setting up a counterclaim and set-off, alleging in brief that from 1912 until her death in 1928 the decedent had lived with him under a contract to pay him $10 a month for her board, and that he had paid certain amounts for medicine and other things; that she had paid on the account $523, leaving a balance due him of $1,729. The allegations of the answer were denied by reply; proof was taken, and on final hearing the court dismissed the counterclaim and set-off and gave judgment in favor of the plaintiff on the note and mortgage. Poston appeals.

The facts, briefly stated, are these: Poston's wife, Dora Poston, was a daughter of Mrs. Lothridge. They had no children. About 1912 Mr. and Mrs. Lothridge broke up housekeeping; he went to live with their son, Joe W. Lothridge, and she went to live with her daughter, Dora Poston. Mrs. Lothridge had some estate, and

it was agreed she would pay the Postons $10 a month. Her husband also was to pay Joe W. Lothridge $10 a month. Mrs. Dora Poston was practically blind, and this was one reason Mrs. Lothridge went there. She stayed with the Postons from this time until her death on August 8, 1928, and from time to time made payments to Dora Poston on her board. At different times she lived at intervals at Joe Lothridge's and with another person, and, while living there paid $10 a month regularly. On September 26, 1924, Poston borrowed $200 from her, and he and his wife, Dora Poston, executed to her the note and mortgage sued on. He was then in jail and had to have the money (he says), but his explanation of why he borrowed $200 from her, if she owed him then, is by no means satisfactory. Thus things ran along until the old lady died on August 8, 1928. She left a will dated November 22, 1922. In this will she devised to Dora Poston, without inventory or appraisement, all her "household and kitchen furniture, clothing, jewelry," etc. By a codicil to the will, dated May 14, 1925, she devised to Dora Poston also $400. The rest of her estate she devised to her grandchildren. The will was duly probated. Mrs. Poston took charge of what was devised to her, and collected from the trust company the $400. No claim was then presented against the mother for any services rendered; nothing was said about this. Dora Poston died in March, 1932. Soon after her death W. C. Poston married his present wife, Janie, and, having failed to pay the note, the trust company brought this suit against him, with the result above stated.

Under section 606 of the Civil Code of Practice W. C. Poston was incompetent to testify to any transactions between him and the decedent. The circuit court therefore properly sustained the exceptions filed to his testimony as to all these matters. Outside of his testimony, there is very little testimony in the case of much weight, except some statements made by Mrs. Lothridge, after she became infirm, that the Postons would be paid for their trouble at her death. But this promise was carried out by not only the devise in the will but by the codicil. She had money in bank. She was a very just woman; she paid everybody else; and it is utterly unreasonable that she would have required Poston to give her a note for $200 in 1924 and require him and his wife, Dora, to execute a mortgage on their home

to secure it if she had then owed them anything. In addition to this, when she died, the will was probated without objection. Dora took charge of the property devised to her and collected the $400, devised in the codicil without making any complaint, and no claim was set up against the estate in any way in Dora's lifetime. It was first heard of after Poston had married again and the trust company was seeking to collect the $200. If Poston had any claim against his mother-in-law, certainly he should have presented it when she died.

As the dead cannot speak, stricter proof is required in this class of cases against an estate than in ordinary cases. In Jones, Adm'r v. Jones, 210 Ky. 42, 275 S. W. 7, 9, the court rejecting a similar claim said:

> "The plaintiffs are not shown to have been in such affluent circumstances as that they might conveniently wait during all these years for their pay, and he was not in such financial straits as that he might ask them to wait."

This certainly applies here, for Mrs. Lothridge paid her board regularly when she was elsewhere; nothing was heard of this claim for four years after her death. It is a well-established rule of this court that the chancellor's judgment will not be disturbed on the facts where on all the evidence the mind is left in doubt as to the truth. Under this rule, the chancellor's finding cannot be disturbed.

Judgment affirmed.