## Woods et al. v. White.

(Decided March 9, 1934.)

ROY W. HOUSE for appellants.

D. M. ALLEN and W. W. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On June 21, 1919, Robert Woods (an appellant and a defendant below) and his wife, Sarah Woods, executed and delivered their joint note to B. P. White, Jr., whereby they agreed and promised to pay him six months thereafter the sum of $927.76, representing the amount of the last sale bond executed by defendants to the master commissioner of the Clay circuit court for the purchase price of a tract of land they had bought at a decretal sale. Upon the payment and discharge of

the bond the creditor of defendants in the judgment, to whom it was made payable, assigned and transferred it to White in order to preserve the lien retained in it for his benefit as assignee thereof. Later, White died and his widow, Cassie White, was appointed administratrix of his estate, and she brought this action against Robert Woods and his children who inherited property from their mother, Sarah Woods (who in the meantime had died), to recover the amount of the note and to foreclose the alleged lien to secure it.

The original answer admitted the execution of the note, but claimed a credit of $500 on it, arising on these facts: That after the execution of the note the payee therein, B. P. White, Jr., and J. C. Asher, the father-in-law of Robert Woods, were partners in an extensive timber interest operated by them in Clay county, and that they had contracted to sell certain manufactured timber to the Standard Wheel Company, and which it prepared according to the contract, but that the wheel company refused to perform the contract, resulting in litigation in the United States Court for the Eastern District of Kentucky; that the partnership, White & Asher, entered into a contract with Robert Woods whereby he was to assist them in prosecuting that action against the wheel company and to obtain as compensation for his services one-third of the judgment they might recover; that later a judgment for $3,000 was rendered in favor of White & Asher; and that the members of the firm were indebted to him under the agreement alleged in the sum of $1,000, one-half of which was due from White. The court sustained a demurrer to that answer because in contravention of the provisions of section 209 of Carroll's Kentucky Statutes inhibiting such contracts as being against public policy. Whereupon an amended answer was filed, in which it was alleged that B. P. White, Jr., agreed before his death to pay the defendant Robert Woods the sum of $500 to assist in preparing and prosecuting the federal court action against the wheel company, and to pay it to him by crediting the note sued on, thus leaving a balance due of $427.76, for which defendants offered to confess judgment. That pleading was denied by a reply, and upon proof heard the special judge who was agreed upon to try the case disallowed the credit and rendered judgment for the full amount of the note, to reverse which defendants prosecute this appeal.

At the outset it should be stated that we are not concerned with that part of the judgment subjecting the land to the lien claimed by plaintiff, since no complaint thereof is made; the only contention being that the court erred in disallowing the credit of $500 asserted in the amended answer. The burden was, of course, on defendants to prove the contract under which they claimed the credit relied on and which they do not dispute; but the court found that they failed to sustain it with their proof, and in which conclusion we concur. The defendant Robert Woods, in his deposition filed in the case, undertook by his testimony to establish the contract relied on; but the court properly sustained exceptions to that testimony because the witness was forbidden by the provisions of subsection 2 of section 606 of the Civil Code of Practice to give it. The only other testimony in the case, even remotely bearing upon the issue, was that given by the partner of White and the father of Mrs. Woods, J. C. Asher. But his testimony, even if he were a competent witness, did not sustain the allegations of the amended answer. Rather did it substantiate the agreement and contract set up in the original answer, which the court properly held was in violation of section 209, supra, of our Statutes. That witness furthermore stated that *his* obligation under the contract with Robert Woods was that the latter should be paid only when any judgment that might be obtained against the wheel company was collected. However, if he had testified positively to the contract as averred in the amended answer, such testimony should be disregarded on the ground that he was an incompetent witness in that whatever sum Robert Woods collected from the estate of B. P. White, Jr., would redound to his benefit by reducing the amount due Woods from the partnership of White & Asher, and the court would have been authorized to disregard any such testimony if it had been given by the witness.

With such eliminations the record is wholly barren of any testimony to sustain the contract relied on in defendant's amended pleading, and the court was without authority to render any judgment other than the one appealed from. Such conclusion renders it unnecessary to consider any of the testimony introduced by plaintiff tending strongly to establish that no such contract as relied on was made, and also renders it unnecessary to consider other questions discussed in briefs, since the

matters referred to and determined above compel an affirmance of the judgment regardless of how the other questions should be determined.

Wherefore, for the reasons stated, the judgment is affirmed.