## Kruse's Administrator v. Corder.

(Decided April 19, 1935.)

DUNCAN & DUNCAN for appellant.

E. BERTRAM for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Mrs. Kruse, an invalid, resided alone on a farm in Wayne county; appellee was a tenant on an adjacent farm. She owned an automobile, but was unable to operate it. She did considerble traveling by auto, frequently going to adjacent counties and sometimes to neighboring states.

Appellee claims that in 1930 she made an arrangement with him to drive her car. In his petition he alleges that "she did much traveling in said car or automobile, and that she employed plaintiff to drive her car for her; that during the years 1930 to 1933 inclusive, he was so employed by her for 347 days, driving her to distant states and many places in this state; that there was no contract as to what he should be paid for his services, except that Mrs. Kruse told him that she would amply compensate him for his services." Corder alleged that the services rendered were reasonably worth $1 per day.

Appellee filed his duly proven claim for $347 with the administrator, payment was refused, and he filed his petition to which the administrator answered by way of general denial, and later filed an amended answer in which he pleaded that "decedent Honta Kruse prior to her death paid the plaintiff for all services rendered."

The cause was submitted to a jury, and, after proof by plaintiff, the defendant moved for a peremptory instruction, which motion was overruled, and was again renewed after all proof was in, with the same result. To these rulings on the motions the defendant objected and excepted.

The jury returned a verdict for Corder in the full amount sought, and appellant moved for a new trial on the following grounds: Error of the court in admitting incompetent evidence; error of the court in overruling motions for peremptory instruction for defendant; error of the court in giving instruction No. 1 over defendant's objection; and, lastly, because the verdict of the jury was not sustained by the evidence. The court overruled the motion for a new trial, judgment was rendered, administrator has moved for an appeal to this court.

On the objection that incompetent evidence was permitted to go to the jury, it appears from the bill

of exceptions that the evidence is reproduced here in narrative form, and no objection, exception, or ruling of the court on any of the evidence is noted in the record.

The only instruction given by the court was No. 1, which was as follows:

"You shall find for the plaintiff if you shall believe from the evidence that the deceased Honta Kruse employed plaintiff 347 days to drive her car, your whole finding not to exceed $347.00, the amount sued for, and unless you so believe from the evidence you will find for the defendant, or if you believe plaintiff was paid for such services you will find for defendant."

No other instruction was asked for by either of the parties.

Appellee introduced as a witness a nurse who had lived with Mrs. Kruse for the six months just preceding her death. She testified that Corder drove the car for Mrs. Kruse as often as two or three times per week; that she often heard Mrs. Kruse say that Corder was kind to her, and "that she wanted to do something for him and wanted Corder to have her car." She never saw Mrs. Kruse pay appellee any money.

Monroe Turner, a neighbor and close friend of Mrs. Kruse, testified that he lived near her all his life; that appellee drove her car and took her many places; drove for her two or three times per week; that Mrs. Kruse had often talked about Corder and his services to her; said that she wanted to do something for him; that he knew that Mrs. Kruse had tried to buy a farm for him. He never knew of decedent paying Corder anything for his services; had never heard her speak of any contract or agreement with him.

Jimmie Dunnigan testified that Corder was his tenant and lived on his farm for the past three years, and during that time he drove Mrs. Kruse around in the car, devoted about one-third of his time to her, and that he had no knowledge of Mrs. Kruse having paid him for his services.

The administrator then testified to the effect that he qualified as personal representative on December 2, 1933; that thereafter Corder filed with him a claim

against Mrs. Kruse's estate for services rendered as follows: For administering hypodermics for —— days, $1.85; eight days' service driving car and assisting in funeral preparations, $12.50, which claim he says was paid, that Corder did not mention any other claim, and that he did not learn of the $347 claim until some time later.

Mrs. M. R. Gossage testified that she lived near Mrs. Kruse during her lifetime and visited her frequently. Mrs. Kruse told the witness several times that Corder was good to her, but she paid him well for it. She says that "on one occasion, about two years ago, she saw Mrs. Kruse pay him fifty cents, saying that it was to pay him for taking her to Burnside that day." She saw Corder there frequently, and guessed he drove her on an average of two or three days a week.

James McClain worked for Mrs. Kruse; worked about the garden; he testified that Mrs. Kruse paid him every night for his day's work; that her custom was to pay for work as it was done; that Corder was there on an average of three or four days a week; drove her car for her to many places; he never saw Mrs. Kruse pay Corder anything, but heard her say that he was good to her, but that she paid him well for all that he did.

The proof clearly shows that the appellee did render some service to Mrs. Kruse. The administrator does not offer any proof showing otherwise. Those who testified for the appellant admit that some service was rendered by appellee. There is an entire absence of proof showing what the appellee should be paid for his services.

Appellant insists that appellee relied solely on an express contract for his recovery. It is true he alleged an express contract as to the employment, but he did not allege that the contract was complete to the extent of fixing the compensation. In this case there was no presumption of gratuitous services, since no relationship existed. Where this presumption is absent, the law will imply an enforceable contract, where justified by the facts, to take the place of an omitted contract, and will impose an obligation to compensate for services rendered by one not under any duty to render them. "The law implies a promise where the party ought to promise." Marcum's Adm'x v. Terry, 146

Ky. 145, 142 S. W. 209, 210, 37 L. R. A. (N. S.) 885; Sullivan's Adm'r v. Sullivan, 248 Ky. 744, 59 S. W. (2d) 999.

That there can be a recovery on the basis of quantum meruit, where there exists no contract as to the compensation, is well settled in this jurisdiction. Ruehl v. Davidson's Ex'r, 237 Ky. 53, 34 S. W. (2d) 937. If a contract is proven and the amount to be paid as compensation has not been fixed, then the claimant is entitled to recover on quantum meruit, and the amount of recovery is to be measured by the reasonable value of the services rendered. Sullivan's Adm'r v. Sullivan, supra. In this case, as will be noted above, the court gave an instruction which did not properly submit to the jury the true measure or basis of compensation. The court did submit the question as to the payment for services rendered by appellee, and the jury evidently believed that the administrator had not paid for all services claimed to have been rendered. In the form the instruction was given, with the question of payment or nonpayment concluded in favor of appellee, if the jury believed from the evidence that Mrs. Kruse employed appellee, then they were in effect peremptorily instructed to find for appellee the amount prayed for in his petition.

The true measure of recovery in cases of the nature of this one is the reasonable value of the services rendered. The instructions given should have confined the amount of recovery to the fair, reasonable, and customary value of similar or like services rendered, not in excess of the amount sought to be recovered. Green's Adm'r v. Teutschmann, 97 S. W. 7, 29 Ky. Law Rep. 1149, both quoted in Sneed's Executor v. Smith, 255 Ky. 132, 133, 72 S. W. (2d) 1028.

Because of the failure of the court to so instruct the jury, the appellant is entitled to a new trial.

Motion for appeal sustained, judgment reversed, and cause remanded for a new trial consistent with this opinion.