## Duke's Adm'r v. Patton et al.

(Decided June 2, 1936.)

HILL & HOBSON for appellant.

ALLEN & TACKETT, C. B. WHEELER and BOND & BOND for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Richard Duke died in 1928, leaving two infant children, George Duke and Mildred Duke. At the time of his death, he owned a small farm on Right Beaver creek in Floyd county, which was inherited by his two children. Mildred Duke married John B. Martin, and continued to reside on the Duke farm after her father's death. Morgan Patton and Susan Patton, his wife, were neighbors and friends of the Duke family, and during much of the time after his father's death, and before his own death in 1932, George Duke lived in the Patton home. George Duke was killed in an automobile accident in Oklahoma in 1932, and his brother-in-law, John B. Martin, qualified as the administrator of his estate. On March 22, 1934, Morgan Patton and Susan Patton brought this action against the administrator to recover the sum of $539.25, subject to a credit of $33.15, which the petition alleged "represented a balance due these plaintiffs by said decedent, George Duke, for room, board, laundry, and money furnished the said decedent during his lifetime by these plaintiffs at his own special instance and request, and for which he had promised and agreed to

pay, but had failed to do so.'' The answer was a traverse, and, on the trial of the case, the jury returned a verdict for the plaintiffs in the sum of $350. From the judgment entered on that verdict, the defendant has prayed an appeal.

It is first insisted that defendant's motion for a peremptory instruction should have been sustained on the grounds (1) that the plaintiffs declared on an express contract which the evidence failed to establish; and (2) the evidence failed to establish either an express or an implied contract.

Appellant relies on that line of authorities which holds that a party may not declare on an express contract and recover on an implied one, even where the evidence would support the latter one. The record discloses that an amended petition was tendered at the conclusion of the evidence to conform to the proof, but that pleading is not made a part of the transcript. However, the arguments of appellant and appellees seem to be based upon a misconception of the distinction between an express and an implied contract.

In cases of this character, a contract may be inferred from proven circumstances, and though sometimes spoken of as a contract implied in fact, yet is none the less an express contract. This distinction is pointed out in Sullivan's Adm'r v. Sullivan, 248 Ky. 744, 59 S. W. (2d) 999, and Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. (2d) 459.

Whether or not there was sufficient evidence tending to establish a contract to authorize a submission of the case to the jury need not be determined, since the judgment must be reversed for other reasons.

The plaintiff, Susan Patton, was permitted, over the objection of the defendant, to testify at length in regard to conversations and transactions with the decedent. She was not a competent witness in her own behalf under subsection 2, sec. 606 of the Civil Code of Practice, which provides that:

"No person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done * * * by one who is * * * dead when the testimony is offered to be given."

Woods v. White, 253 Ky. 263, 69 S. W. (2d) 349; Poston v. Lothridge's Ex'r, 253 Ky. 177, 69 S. W. (2d) 22; Ray's Ex'r v. Bridges, 247 Ky. 459, 57 S. W. (2d) 492; Green's Ex'r v. Green, 119 Ky. 103, 82 S. W. 1011, 26 Ky. Law Rep. 1007; Newton's Ex'r v. Field, 98 Ky. 186, 32 S. W. 623, 17 Ky. Law Rep. 769. In Northrip's Adm'r v. Williams, 100 S. W. 1192, 1193, 30 Ky. Law Rep. 1279, Granville Williams and Annie Williams, husband and wife, brought an action against the administrator of Thursey Northrip to recover $800, the value of services alleged to have been rendered to the decedent during the five years preceding her death. Annie Williams was permitted to testify, over the objection of the defendant, and the judgment was reversed on the ground that she was an incompetent witness under subsection 2, sec. 606 of the Code. In the course of the opinion it was said:

"This Code provision should not be given a narrow or strained construction to permit persons having claims against the estates of deceased persons to testify with reference thereto. If the language of the Code was strictly confined to statements of actual transactions with, or positive acts done or omitted to be done by, the deceased, and persons in interest were permitted to testify indirectly as to transactions with or acts done or omitted to be done, the reason and purpose of this Code provision would be seriously impaired, if not destroyed. No person will be permitted to give testimony in his behalf against the estate of a deceased person that will have a tendency to strengthen or make good his claim, or that will leave the impression upon the court or jury that his demand must be just and reasonable, because in substance and effect this would be testifying, although indirectly, to transactions with and acts done or omitted to be done by the deceased. In the case before us, the mere fact that the condition of Mrs. Northrip may have been known by a number of persons who could have described her condition does not affect the question. If appellee's evidence conduced to establish her claim, or tended to influence the jury in fixing the amount that should be allowed, it was incompetent and prejudicial. That it had this effect we have no doubt. The uniform tendency of this court has been to restrict the right of persons

in interest from making testimony in their own behalf against decedents' estates."

Nor was Susan Patton a competent witness in behalf of her husband. They sued on a joint claim, and their interests are not severable. She could not testify for the other plaintiff without testifying for herself. Brewer's Ex'r v. Smith, 242 Ky. 175, 45 S. W. (2d) 1036; Miller v. Walsh's Adm'x, 240 Ky. 822, 43 S. W. (2d) 42; Dunbar v. Meadows, 165 Ky. 275, 176 S. W. 1167. It is suggested that the disability of the witness Susan Patton was removed by the testimony of the administrator; but he did not testify until she had been permitted to testify, and then he did not and, of course, was unable to testify in reference to many transactions and conversations with the decedent concerning which the plaitiff testified.

Instruction No. 2 reads as follows:

"If the jury find for the plaintiffs under instruction No. 1, you should find for them such sums, if any, you shall believe from the evidence the estate of the said George Duke was indebted to the plaintiffs for such service, board and lodging, so as not to exceed the sum of $526.10, the amount asked for in plaintiffs' petition."

This instruction failed to give to the jury the proper measure of recovery, and is erroneous. Kruse's Adm'r v. Corder, 258 Ky. 774, 81 S. W. (2d) 600, 602; Sneed's Ex'r v. Smith, 255 Ky. 132, 72 S. W. (2d) 1028; Jones v. Jones, 210 Ky. 38, 275 S. W. 7; Green's Adm'r v. Teutschmann, 97 S. W. 7, 29 Ky. Law Rep. 1149. In Kruse's Adm'r v. Corder, it was said:

"The true measure of recovery in cases of the nature of this one is the reasonable value of the services rendered. The instructions given should have confined the amount of recovery to the fair, reasonable, and customary value of similar or like services rendered, not in excess of the amount sought to be recovered."

For the reasons indicated, the motion for an appeal is sustained, the judgment reversed, and cause remanded for a new trial consistent herewith.