## Stone's Adm'rs v. Woolbright.

(Decided June 24, 1938.)

RODES K. MYERS for appellants.

MILLIKEN & MILLIKEN and JOE S. GARMAN for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

W. S. Stone, Sr., and his wife, Mrs. Stone, were residents of Warren County, Kentucky. George H. Woolbright and his wife, Lillian Woolbright, the latter being the appellee in this appeal, were tenants of Stone and lived on his farm. About the year 1924, Mrs. Stone died, leaving an infant son, W. S. Stone, Jr., who was about eight years old. It appears that after the death of Mrs. Stone, Mr. Stone had no one to keep house for him and he lived with his sister and appellee and her husband, George H. Woolbright, took the infant son, W. S. Stone, Jr., to their home and kept and cared for him until the death of W. S. Stone, Sr., which occurred in 1933. W. T. Ellis and E. T. Ellis were appointed administrators of the estate of W. S. Stone, Sr., and soon after their qualification as such appellee presented to them her claim against the estate of W. S. Stone, Sr., in the sum of $1,200 for keeping and caring for his infant son. The administrators refused to pay the claim and appellee brought this suit against the ad-

ministrators and the estate of W. S. Stone, Sr., to recover on said claim.

It is alleged in the petition that the plaintiff rendered the services in keeping and caring for the infant son of the decedent at decedent's request and under an agreement and contract with decedent that he would pay plaintiff a reasonable sum for said services and that said services were reasonably worth $20 per month from July 26, 1928 to July 26, 1933, aggregating the sum of $1,200.

The administrators filed their answer denying certain material allegations of the petition and further pleaded affirmatively that plaintiff had been paid for the services sued for during the lifetime of W. S. Stone, Sr. The record does not disclose any reply or order controverting the affirmative allegations of the answer, but it appears that it was treated by the parties and the trial court as having been controverted and evidence was taken on that issue. It is the rule that in such circumstances this court will likewise treat the pleadings as having been controverted, when the question is raised for the first time on appeal.

A trial was had before a jury and resulted in a verdict in favor of appellee, plaintiff below, in the sum of $500 and to reverse that judgment the administrators have prosecuted this appeal, insisting on a reversal upon two grounds, (1) that the court erred in admitting incompetent evidence for the plaintiff; and (2) that the evidence is insufficient to show that there was any contract between appellee and decedent.

The incompetent evidence complained of is that the plaintiff was permitted to testify concerning the contract, agreement and understanding she had with the decedent, Mr. Stone, that he would pay plaintiff for keeping his son. It is insisted that this evidence was incompetent under the provisions of section 606, subsection 2 of the Civil Code of Practice.

On direct examination plaintiff's counsel asked her if she had been paid for the services in question and she answered in the negative. On cross-examination appellants' counsel asked her if she demanded pay for her services and she answered that question in the negative. On re-direct examination plaintiff was permitted to testify, over objections and exceptions, that,

she had an agreement and understanding with the decedent that she was to be paid for her services. Counsel for appellee contend that her evidence concerning the agreement and understanding with decedent was competent because counsel for appellants first opened up the question of contract and thereby waived the incompetency of the witness in that regard by asking her if she had demanded payment of her claim in the lifetime of Mr. Stone. In support of appellee's contention there are cited Melton v. Sparks, 263 Ky. 591, 92 S. W. (2d) 737; Dills v. Scroggins' Ex'x et al., 251 Ky. 452, 65 S. W. (2d) 464, and other cases of a like nature. Those cases hold that when one party opens up a question for the first time by a witness whose evidence on the question would be incompetent, the opposing party may then cross examine the witness on the same question.

We do not think the facts in the present case bring it within the class of the cases supra. Appellee's counsel asked her if she had been paid for her services, and, apparently in response, appellant's counsel merely asked if she had demanded payment. Whether or not she had demanded payment did not necessarily open up the question of contract. She might have demanded payment regardless of whether or not she had a contract with the decedent.

The asking of that question and eliciting the answer thereto might have closely approached the question of contract, but inasmuch as appellee could or might have demanded payment regardless of contract, whether or not she made such demand could have had but little, if any, bearing on the question of contract. In any event we do not think that appellant, by asking that question, opened up the question of contract to such an extent as to authorize appellee to testify as she did concerning a contract with the decedent.

The rule that no person shall testify for himself concerning any verbal statement of or transaction with or any act done or omitted to be done by a person dead when such testimony is offered is too well known to require citation of authority. Section 606, subsection 2 of the Civil Code of Practice is too plain to be misunderstood in that regard. See, also, Northrip's Adm'r v. Williams, 100 S. W. 1192, 30 Ky. Law Rep. 1279; Young v. Bank of Sweetwater, 187 Ky. 71, 218 S. W.

463; Duke's Adm'r v. Patton, 264 Ky. 598, 95 S. W. (2d) 249; Saylor v. Saylor, 151 Ky. 694, 152 S. W. 763; Arrington v. Sizemore, 241 Ky. 171, 43 S. W. (2d) 699, 701.

Since the case must be reversed for the error indicated, we express no opinion as to the sufficiency of the evidence to establish an express contract between appellee and the decedent.

Judgment reversed and remanded for proceedings consistent with this opinion.