## Woods et al. v. White et al.

April 30, 1940.

W. E. Begley, Judge.

**728**

Roy W. House, A. D. Hall and D. G. Colson for appellants.

John S. Deering for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The heirs of B. P. White, Jr., sued Robert Woods on a note for $927.76 with interest from January 21, 1920, and for the enforcement of a lien on land securing its payment. We affirmed a judgment for the plaintiffs. Woods v. White, 253 Ky. 263, 69 S. W. (2d) 349. White's heirs bought the property at a decretal sale for the amount of their debt. They later agreed to convey him the land if Woods would satisfy the judgment. To that end, on May 13, 1935, they executed a deed and placed it in escrow with a bank at Manchester. This suit was filed by White's heirs against Woods to cancel that deed. It is alleged that the deed was not to be delivered until the agreed consideration was paid, but that Woods had fraudulently, or otherwise without right, obtained its possession and had it recorded without any of the consideration being paid. The defendant denied failure of consideration and pleaded a proper and legal delivery of the deed. Judgment was rendered for the plaintiffs, except the defendant was adjudged recovery of $200 which he had paid as hereinafter described. The defendant appeals.

At the inception of the negotiations it was understood that Woods should obtain a loan on the land from the Federal Land Bank and pay off the debt as the consideration for this conveyance. D. M. Allen, an attorney residing in Richmond, represented the Whites. His testimony is that the Federal Land Bank had approved a loan of $1,500 instead of the $2,000 desired, and Woods had agreed to raise a sufficient sum above the $1,500 to pay the debt. He did raise $200 which was paid to Allen

and satisfied a part of the court costs. Pending the closing of the loan and raising the difference, White's heirs had executed the deed above referred to and delivered it to the bank with the specific direction, in writing, that the deed should not be delivered unless Allen was present. Allen testified that he never saw the deed after he had prepared it. The cashier, who managed the business of the bank, did not recall having delivered the deed to any one but had a recollection that someone connected with making an abstract of title to the property got it. He thought that if he had ever delivered the deed to Allen he would have remembered it. Woods' testimony is that Allen agreed for White's heirs that if he would pay $200 cash and satisfy the court costs and relinquish his claim for $1,000 against them on a contract of their ancestor and his former partner, J. C. Asher, then the Whites would convey him the land. Asher, who was formerly Woods' father-in-law, had signed a writing directing the Whites to pay Woods $500 out of the proceeds of a judgment in the Federal Court recovered by White and Asher as partners, which is referred to in the opinion of the former case. Woods testified that he had paid the $200, satisfied the court costs, and then Allen delivered the deed to him. As above shown, Allen denied any such transaction or agreement. After the Federal Land Bank had withdrawn its approval of the loan referred to and much delay had followed without Woods having been able to raise the money, Allen had offered to return the $200 but Woods declined it and refused to surrender possession of the land.

We think the probabilities, as well as the law, are on the plaintiffs' side of the case. In the first place, the agreement to pay the court costs of the former litigation constituted no consideration for this conveyance, for Woods was legally obligated to pay those costs in any event. His claim for $1,000 against the Whites (or certainly half of it) had been asserted in defense of the former suit and had been held to rest upon a champertous and unenforceable agreement, as well as not established by competent evidence. The Whites had prevailed in defeating that claim and it would have been most unusual for them at that stage to have voluntarily acknowledged everything Woods claimed and conveyed him the land involved in that suit in satisfaction thereof.

730

Woods did not claim to have executed any writing relinquishing his claim. The case presents only a conflict of evidence, with the preponderance fully supporting the decision of the trial court.

We do not regard as meritorious the contention that the court committed error in overruling the defendant's motion for a continuance filed a few days before judgment was rendered. The affidavits in support of the motion were to the effect that if given time the defendant could establish that the judgment in the Federal Court referred to had been paid to B. P. White, Jr. Asher, a party to that suit and partner of White, had testified that he never received his share of that judgment and had assigned $500 of it to the defendant herein in satisfaction of his claim for services rendered. This case had been pending more than a year and three months and by agreement had been submitted at least twice for final judgment. Disregarding plaintiffs' lack of diligence, it had already been adjudged that his claim to which the newly discovered evidence related was unenforceable.

Wherefore the judgment is affirmed.