**Hester GIBERSON et al., Appellants,**

v.

**Helen WILSON et al., Appellees.**

Court of Appeals of Kentucky.

March 20, 1959.

John G. Prather, Somerset, for appellants.

Fritz Krueger, Russell Jones, Viley O. Blackburn, Smith & Blackburn, Somerset, for appellees.

CLAY, Commissioner.

This suit involves the right to the proceeds of a $6,000 life insurance policy. The trial court, hearing the case without a jury, adjudged that appellee Helen Wilson, named as the original and sole beneficiary, was entitled to the proceeds. Appellants contend the insured changed the beneficiary prior to his death.

The policy provided for a change of beneficiary upon written request. Shortly before the insured's death such a request was sent to the proper office. However, it was executed and the insured's name signed thereto by his daughter-in-law, Bonnie Jasper. Her husband, appellant Raymond Jasper, was named as the new principal beneficiary.

Three days after the letter changing the beneficiary was written, the insured executed what purported to be a will wherein he undertook to bequeath the insurance proceeds to those designated in the written request.

The crucial question is whether or not there was competent evidence to establish that the written request constituted the act of the insured which effected a change of

beneficiary. The trial court excluded as incompetent the testimony of Raymond and his wife Bonnie concerning the latter's authority to execute it on the insured's behalf, since it involved a transaction with the deceased. This was a proper ruling under KRS 421.210(2). Johnson's Adm'r v. Johnson, Ky., 244 S.W.2d 969.

Appellants contend, however, that appellee waived this objection because her counsel on cross-examination asked Raymond Jasper who wrote and signed the letter, thereby opening up the transaction with the deceased. Clearly the questions did not fall within the rule announced in McCoy v. Ferguson, 249 Ky. 334, 60 S.W.2d 931, 90 A.L.R. 891, to the effect that if an adverse party inquires of a witness concerning a transaction with a decedent he has waived the incompetency of the witness to testify fully with respect thereto. The questions asked by appellee's counsel simply identified the person who had written the letter filed in evidence. The elicited testimony did not involve any transaction with the deceased. See Stone's Adm'rs v. Woolbright, 274 Ky. 372, 118 S.W.2d 746, and Kentucky-Tennessee Light and Power Company v. Moats, 290 Ky. 690, 162 S.W.2d 526.

Was the will admissible as proof that the deceased had authorized the change of beneficiary? The trial court determined that the recitals in the will were hearsay and were therefore inadmissible.

The fact that the evidence attempted to be introduced was written rather than oral does not take it out of the hearsay rule. Engle v. Bond-Foley Lumber Co., 173 Ky. 35, 189 S.W. 1146. See also Jones, Evidence, 5th Ed., Section 268, page 515. A will is no more admissible for a collateral purpose than any other writing.

Appellants maintain, however, that the will is admissible under an exception to the hearsay rule as a declaration against interest. To qualify within this exception, the declarant's statement must be adverse to his pecuniary or proprietary interest, and he

must be aware of it. For a discussion of these and other requirements, see the leading case of Ward v. H. S. Pitt & Co., etc., L.R. (1913) 2 K.B. 130; also Wigmore, Evidence, 3d Ed., Section 1456, page 261.

It seems obvious that the act of an insured in changing the beneficiary of an insurance policy is not against his pecuniary or proprietary interest. He surrenders nothing of monetary value to which he is entitled. Even if we could say he temporarily gives up the right to have the insurance proceeds paid to his estate, this constitutes no pecuniary loss to him because he could never enjoy the proceeds of the policy. See Kingston v. Hines, 6 Cir., 13 F.2d 406.

In our opinion the trial court properly applied the rules of evidence, and appellants' claim must fail for want of competent proof.

The judgment is affirmed.