## Marcum's Admx. v. Terry.

### (Decided January 9, 1912.)

### Appeal from Breathitt Circuit Court.

1. Statute of Limitations—New Promise—Sufficient Acknowledgment.—To imply a promise to pay, there must be a clear and express acknowledgment of a present existing debt.
2. Same—Evidence—Acknowledgment.—In an action to recover balance due for legal services, based upon a promise to pay made within five years of the institution of the action, evidence examined and held insufficient to show an acknowledgment of the debt from which the law would imply a promise to pay.

KASH & KASH for appellant.

REDWINE & PATTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In 1902, appellee, Charles Terry, employed J. B. Marcum, an attorney-at-law, to institute contest proceedings against Ed. Callahan for the office of sheriff of Breathitt County. Marcum conducted the contest. The election was declared void, and neither Terry nor Callahan was given the office. Marcum died during the year 1903. His widow, Abrelia Marcum, qualified as his administratrix. After setting out the employment and the agreement of Terry to pay her husband a reasonable fee for his services and stating that $500 was a reasonable fee, appellant as administratrix of her husband, after admitting several credits, among them an item of $42.15, for taxes paid by Terry for the year 1901, brought this action to recover an alleged balance due of $381.85. Among other defenses Terry pleaded the statute of limitations. By amended petition, appellant declared on a new promise made December 6th, 1909, and within five years before the institution of the action. At the con-

clusion of appellant's evidence, the court directed a verdict in favor of appellee. To review the propriety of this ruling this appeal is prosecuted.

The only evidence of the alleged promise of December 6th, 1909, is that of appellant and R. A. Hurst. This evidence we quote in full. Mrs. Marcum testified as follows:

"The last payment that was made to me by defendant on this fee was made on January 7, 1905. Afterwards, and on December 6, 1909, I had a conversation with the defendant, Charles Terry, in Jackson about this fee for services. He said he would give me the tax receipt on which he owed, which was for the year 1901, which was $42.15. He had been the sheriff of Breathitt County for that year, and held the tax receipt against the estate for that year, and had never given us the receipt. He told me on that day, December 6th, 1909, he would give me the receipt. I got a blank receipt from Sheriff Crawford, and he wanted me to give him a receipt in full, and I told him I would law him; and he said, 'Law, and I will bring in enough to beat you;' that he would give me this tax receipt on what he owed. He said that he had no blank receipts, and I went to Mr. Crawford, who was then sheriff, and got a blank tax receipt, and took it to Mr. Terry, and he started to write the receipt and dated it. He then stated to me that I must accept the receipt in full for services rendered by my husband, and I told him I would not do this. He then refused to write the receipt, and still holds the tax receipt against the estate."

Mr. R. A. Hurst, an attorney-at-law, testified as follows:

"I was present in Jackson, Kentucky, and heard a conversation between Mrs. Marcum, the plaintiff, and the defendant, Charles Terry. The defendant agreed to give Mrs. Marcum a tax receipt on what he owed, and Mrs. Marcum went to get a blank receipt and I went away. I don't know whether or not the receipt was written. This was on December 6, 1909. This was on the day Mrs. Marcum executed a bond as guardian."

It will be seen from the evidence above quoted that appellee did not promise to pay the debt, but it is insisted by counsel for appellant that there was such an acknowledgment as to imply a promise to pay. In the early case of Bell v. Rowland's Admrs., Hardin, 301, decided in 1908, after criticising the English Courts for going too

far in holding "the slightest acknowledgment" sufficient, the court said: .

"Upon the whole, we are of the opinion that the only safe rule that can be adopted, capable of any reasonable degree of certainty, is, that in order to take the case out of the statute of limitations, an express acknowledgment of the debt, as a debt due to that time (coupled with the original consideration), or an express promise to pay, must be proven to have been made, within the time prescribed by the statute. And we are of the opinion that the acknowledgment of David Rowland, deceased, proved upon the trial, as stated in the bill of exceptions, were not such express acknowledgments, or promise, as could by law, take the case out of the operation of the statute.

"The utmost extent of his acknowledgment was, 'That he had once owed the plaintiff, but he supposed his brother had paid it in Virginia (the place where the original transaction took place in the year 1785); and if his brother had not paid it, he owed it yet.' This was far from an acknowledgment of a debt due, or subsisting at that time, when he insisted the debt had been paid by his brother.

"But it has been contended that if his brother had in fact paid it, he could and ought to have proved the payment. As well might it be contended that if he had paid the debt himself, he could and ought to prove it. In either case it would be requiring of him what the statute clearly intends shall not be required; that he shall make proof of payment. The statute goes upon the presumption that payment has been made; and that after the lapse of time, proof can not be reasonably required.

"To have bound him, he ought either to have made a promise to pay (which is not here pretended) or such an acknowledgment of the debt, from which the law could imply a promise. Now the law implies a promise, where the party ought to promise; but can we say that he ought to have promised under the circumstances of the present case, the payment of a debt which he supposed had already been paid? We think we can not."

And in the case of Ditto, &c. v. Ditto's Admrs., 4 Dana, 502, the court, after referring to the case of Bell v. Rowland's Admrs., supra, announced the following rule:

"The reasonable deduction from the case is, that if from the express acknowledgment, it appear clearly that the party ought to pay, the law will imply a promise to

pay, and the case will be taken out of the statute by such acknowledgment and promise within five years.''

And in the case of Harrison v. Handley, the court used the following language:

''Be that as it may, mere loose expressions, or vague acknowledgments, will not suffice; the acknowledgment from which the law is to raise a promise contrary to the provisions of the statute, must be clear and express, where the mind is brought directly to the point—debt or no debt at the present time, not whether the debt was once an existing demand.''

The doctrine of the foregoing cases has never been departed from, but has been uniformly adhered to (Gray v. Lawridge, 2 Bibb., 285; Lansdale v. Brashear, 3 Mon., 332; Hord v. Lee, 4 Mon., 37; Rochester v. Buford, 5 J. J. Mar., 33; Head v. Manners, 5 J. J. Mar., 259; French v. Frazier, 7 J. J. Mar., 431; Fischer v. Hess, 9 B. Monroe, 617; Smith v. Dawson, 10 B. Mon., 112.)

Applying this doctrine to the case before us, was the language a sufficient acknowledgment? We think not. Appellee was sheriff of Breathitt County during the year 1901. Appellant admits that he paid J. B. Marcum's taxes for that year, amounting to $42.15. All that can be claimed from appellee's statement is that in order to settle the matter, he was willing to turn over to appellant the tax bill properly receipted provided she would give him a receipt in full for the legal services rendered. His proposition was simply an offer of compromise. It did not constitute a clear and express acknowledgment of a then existing debt. On the contrary, his offer would indicate that he regarded the indebtedness as paid. We, therefore, conclude that the trial court properly instructed the jury to find for the appellee.

Judgment affirmed.