## Farrell's Admr. v. Records.

(Decided March 16, 1920.)

### Appeal from Boone Circuit Court.

1.   Limitation of Actions—Revival—Promise to Pay.— A debt barred by the statutes of limitation is not revived and rendered enforceable by a promise of the debtor to pay a certain part of the claim

in consideration of full satisfaction, and of other conditions with which the promisee fails to comply.

2.  Limitation of Actions—Conditional Promise to Pay—Revival.—A conditional promise to pay a debt barred by limitation does not revive the debt and render it enforceable unless the payee complies with the conditions named by the payor.

JOHN T. MURPHY and O. M. ROGERS for appellant.

TOMLIN & VEST and B. F. MENIFEE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In an action to settle the estate of Mary Farrell, deceased, James A. Records was adjudged entitled to a one-sixth undivided interest after the payment of debts. All the property was sold and it was found that Records' share was worth about $1,100.00.  Mrs. Farrell in her lifetime had boarded, lodged and cared for the daughter of Records for which the estate held a claim against Records for $1,500.00.  It was barred by the statutes of limitation, but the administrator, William Farrell, and his attorney, J. T. Murphy, went to Louisville and called on Records and presented the claim of the estate for taking care of his child.  Records conditionally acknowledged his indebtedness but said he had no money with which to pay the claim.  Thereupon the administrator suggested that Records could satisfy the claim by turning back to the estate his one-sixth interest therein. This Records did not want to do, but finally agreed with the administrator to pay $700.00 in full satisfaction of his indebtedness to the estate provided his interest was reckoned at $1,200.00, and the estate would pay him the balance or its value, $500.00.  This the administrator agreed to do and he and his attorney left for home with an agreement to return within a few days with the proper deed to be signed and executed by Records conveying his interest to the estate and a check for $500.00 payable to Records.  When the litigation started there was some question whether Records, who was the son-in-law of Mrs. Farrell, was entitled to a one-sixth in the estate, and he employed John L. Vest as attorney to represent him, and Vest did represent him in the two actions, which had been consolidated and were then pending.  For his services Vest was to receive a fee equal to fifty per cent of the amount recovered by Records, and this was a lien upon Records' one-sixth interest.  As soon as the ad-

ministrator and his attorney left Louisville, after entering into the agreement with Records to purchase his interest, Records wrote his attorney Vest at Walton, Kentucky, telling him that the administrator had been to see him and they had entered into an arrangement. Immediately upon the receipt of this letter Vest obtained from his bank at Walton a New York draft for $500.00 and went to Louisville to see Records. He proposed to pay Records $500.00 for his one-half interest in the one-sixth of the Farrell estate, and thus settle the whole matter so far as Records was concerned, and Records agreed to this and on that day executed to Vest a deed for his interest in the Farrell estate.

As soon as the administrator of the Farrell estate learned of these facts, he brought this action against James A. Records and John L. Vest, praying a cancellation of the deed from Records to Vest and for judgment against Records for $700.00 on the claim of the administrator of the Farrell estate, and the subjection of the interest of Records in the estate to the payment of this claim. Records did not answer, but John L. Vest filed answer traversing all the allegations of the petition in so far as fraud and collusion were averred against Vest and Records, and he affirmatively set up his claim and right to a one-half undivided interest in the one-sixth interest of Records in the Farrell estate under his contract for an attorney fee equal to fifty per cent of the amount recovered by Records. Issue was joined by reply filed by the administrator. Proof was taken and the cause being submitted for final judgment, the petition of the administrator was dismissed and the estate adjudged not entitled to take anything thereby. From this judgment the administrator appeals.

From the evidence we have no doubt that Records acknowledged his indebtedness to the estate and agreed to pay same according to the terms of the contract recited by the administrator and his witnesses; nor have we any doubt of the right of John L. Vest as attorney to a fee equal to fifty per cent of the amount recovered by Records. This attorney fee was a lien upon the Records interest in the Farrell estate. If Records had carried out the contract with Farrell's administrator as alleged by the plaintiff, the estate would not have been greatly benefited thereby, because the administrator had agreed

to pay Records $500.00 in cash and credit Records with $700.00 in full satisfaction of the estate's claim against Records for taking care of his child. If the estate had paid the $500.00 to Records it would have obtained only a one-half undivided interest in Records' one-sixth interest in the Farrell estate, for John L. Vest, as attorney, was entitled to the other one-half undivided interest in said one-sixth of the Farrell estate, and the administrator could not have defeated Vest's right to this interest. This being so, the only advantage the estate would have obtained had Records lived up to his agreement made with the administrator to sell his interest therein, would have been the difference, if any, between the $500.00 paid by the administrator to Records, and the value of one-half of the one-sixth interest which Records owned in the Farrell estate. It appears that the whole estate amounted to $6,525.00; one-sixth being $1,087.00. From this sum was deducted the cost of the litigation, including a fee of $275.00 to Murphy, attorney for the administrator, and $55.00 fee to John L. Vest, attorney for Records. The net amount due Records was only about $1,038.00, to which should be added his share of the $55.00 fee charged to the estate for John L. Vest, for Vest's contract did not entitle him to take the $55.00 fee and also a fee equal to fifty per cent of the total amount recovered for Records.

The acknowledgment of his indebtedness by Records and his promise to pay was conditionally made. He agreed to pay the debt to the estate only on condition that the value of his one-sixth interest be estimated at $1,200.00 and the estate would accept $700.00 in full satisfaction of the $1,500.00 claim and would pay him $500.00 in cash. While there was a tentative acceptance of this proposition, it is evident from the whole record that it was not the purpose of the administrator to actually pay or allow Records to receive the $500.00 in cash, but to allow Vest, the attorney, to take this $500.00 on his fee, and thus deprive Records of anything whatever from the one-sixth interest in the Farrell estate which was valued at $1,200.00. This is manifest from the letter Murphy, the attorney for the administrator, had written to Attorney John L. Vest, immediately after Murphy reached home after making the compromise agreement with Records in Louisville. However this may be, there was no actual acceptance of the proposi-

tion of Records to pay $700.00 in full satisfaction of the $1,500.00 claim of the Farrell estate. It is a general rule that an acknowledgment of a debt must be unqualified. If the proposition to pay is accompanied by certain terms and conditions, these terms and conditions must be strictly complied with, else the promisor is not bound on his promise nor the bar of the statutes of limitation removed. Neither the acknowledgment nor the promise is available unless the condition has been performed or the event has happened by which the promise is qualified. Generally an acknowledgment sufficient to take the case out of the operation of the statutes of limitation, cannot be deduced from a promise or an offer to pay a part of the debt, or to pay the whole debt in a particular manner, or at a specified time or upon specified conditions which offer is not accepted according to its tenor. Marcum v. Terry, 146 Ky. 145; 17 R. C. L. 902, 903.

Applying this rule to the facts before us, we are persuaded that the conditional promise of Records to pay his obligation to the Farrell estate did not revive the debt or remove the bar of limitation because Records only promised to allow a part of the $1,200 due him from the Farrell estate to be applied upon his indebtedness to that estate, if the estate would pay him $500.00 in cash. These conditions were not fulfilled, nor would they ever have been fulfilled if we may rely upon the evidence in the record. At any rate, the proposition was withdrawn before its acceptance by the administrator and Records; the debtor, was, therefore, left under the protection of the statutes of limitation.

We, therefore, conclude as there was no subsisting enforceable claim of the Farrell estate against Records, at the time he made the conveyance to John L. Vest which this action seeks to set aside, the relief sought must be refused; but the chancellor should correct and modify the judgment so that the $55.00 allowed to John L. Vest as attorney fee paid out of the funds of the estate, be returned to it.

Judgment affirmed.