## Crain v. Crain, et al.

(Decided February 20, 1923.)

### Appeal from Edmonson Circuit Court.

1. Work and Labor—Services.—One who sues to recover the value of services must allege their nature and value.
2. Frauds, Statute of—Interest in Real Property—Verbal Agreement. —One cannot have specific performance of a verbal contract by which he is to obtain title to 100 acres of land. On demurrer the averments of the petition are taken for true.
3. Pleading— Construction.—A pleading is construed strongest against the pleader.
4. Frauds, Statute of—Verbal Agreement.—A good faith purchaser of land by verbal contract may, when in possession under his purchase, retain possession until his equities have been adjusted.
5. Executors and Administrators—Claims—Verification.—No action on a claim against the administrator of an estate can be maintained until such claim, properly verified, has been presented for payment.

MILTON CLARK for appellant.

LOGAN & McCOMBS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

A general demurrer was sustained by the lower court to the petition of appellant, J. E. Crain, whereby he sought to have adjudged to him 100 acres of land off the northeast corner of the farm of his deceased mother, under and pursuant to a verbal agreement which he avers he made with her in the year 1917, whereby he was to manage and cultivate her said farm and provide his said mother a home and maintenance upon the farm until her

death. He also charges that he took possession of the said 100 acres of land and made valuable and lasting improvements thereon. Relying upon the said agreement of his mother to convey the said land to him pursuant to said agreement he did take care of his mother and did cultivate the said farm and did pay her rentals for the use thereof, but that she died in 1918 without having made to him any deed or other title paper for the said 100 acres of land, but, on the contrary, by will made prior to the year 1917, had given and devised the said 100 acres of land to his insane sister, Mary J. Crain.

He does not allege the nature or the value of the services which he rendered his mother from the time he moved into her home until her death, nor does he state the value of the tract of 100 acres of land which he says she agreed to give him off the northeast corner of her farm in consideration of said services. He also omits to state the value of the permanent and lasting improvements which he says he placed upon the said 100 acres of land after he moved to the farm, nor the date said improvements were so placed on the said lands.

On demurrer the averments of the petition are taken for true, but the pleading is always construed strongest against the pleader. So construing this petition it would appear that the plaintiff rendered no services to his mother of any value other than nominal because no value is averred. The specific nature of the services are not set forth so that the court might ascertain or find their value. He says he cultivated his mother's farm and paid her rent. He, therefore, was a mere tenant of his mother and must have taken for himself a part of the crop as compensation for whatever services he rendered. He could not under such circumstances be entitled to enforce his said verbal contract of purchase of the land if there were no other reason.

The rule is well established in this state that a verbal contract for the sale. or transfer of land is unenforcible and invalid. This rule, however, is modified in cases where the grantee is placed in possession of the land by the grantor and while there bona fidely claiming and holding the land as his, puts valuable permanent improvements thereon. In such case the grantor can not recover the land until he places the grantee *in statu quo*. Bobbitt v. James, 148 Ky. 244; Boone v. Coe, 153 Ky. 233, Kleeman & Co. v. Collins, 9 Bush 460; Beauchamp v. Morris,

1 A. K. Mar. 520; Dean v. Cassady, 88 Ky. 572; Myers v. Korb, 21 Ky. L. R. 163.

He must pay a reasonable price for such valuable and lasting improvements as were placed on the land by the grantee while in good faith relying upon his verbal contract. But that rule does not have any application to the facts of this case. So far as the averments of the petition show, appellant had no actual possession of the tract of 100 acres of land distinct from the possession of the whole tract upon which he was his mother's tenant. Moreover, the improvements he placed on the said 100 acres tract, if any there were, when we construe the pleadings according to the recognized rules, were placed on said property after the death of his mother and at a time when he knew the said tract of land had been willed by his mother to his demented sister, for the pleading is open to this construction. He was, therefore, not in actual possession of the 100 acre tract which he claims at the time of the death of his mother and had not paid her any consideration whatever so far as the pleadings show.

Appellant filed no verified claim against the estate of his mother for his services before bringing this action. He was not entitled to maintain an action until such claim had been properly verified and filed with the administrator, under section 437, Civil Code, and sections of the statutes there mentioned.

With the pleading in this condition it is not strange that the trial court sustained the general demurrer to it and, upon his failure to further plead, dismissed his cause.

Judgment affirmed.