## Ruehl v. Davidson's Executor.

(Decided (January 20, 1931.)

54

DODD & DODD for appellant.

P. H. SAVAGE and ECTOR LAWSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—
Reversing.

The appellant sought, by her petition filed in the Jefferson circuit court, to recover a judgment against the estate of Miss T. T. A. Davidson for money, or a decree directing the conveyance of certain real estate to her. The petition, stripped of all technical phraseology, alleged that Miss Davidson proposed to appellant that, if she (the appellant) would take her into the house where appellant was living, which belonged to Miss Davidson, and would furnish to her board, lodging, nursing, care and attention during the remainder of her life, she would leave by will to appellant a certain house and lot in the city of Louisville described in the petition; that she performed these services faithfully, and upon the death of Miss Davidson she discovered that the property had not been left to her by will or otherwise; and that she was therefore entitled to have the property conveyed to her, or recover judgment for the value of the services which she rendered. Appellee traversed the allegations of the petition by an answer. At the conclusion of the evidence, the trial court refused to allow an amended petition to be filed which probably was intended to make available to appellant an implied contract, as well as the express contract alleged. The trial court, apparently believing that an express contract had not been proven, or that there was not enough evidence on the point to take the case to the jury, directed a verdict in favor of appellee.

It was established by the evidence that Miss Davidson owned property at 1131 South First street in the city of Louisville, and that she rented the first floor to appel-

lant, for which she received a rental of $55 per month; that Miss Davidson moved into the same house and lived on the second floor; that appellant looked after her and cared for her until about ten months prior to her death, when, on account of her infirmities, she was required to go to a hospital. The arrangements, whatever they were, between Miss Davidson and appellant, began in 1922 and continued until 1927, when Miss Davidson was moved to the hospital. Undoubtedly the petition contained averments presenting a state of facts from which the jury may have inferred that there was an agreement on the part of Miss Davidson to pay for the services rendered.

Under the authority of Benge's Adm'r v. Fouts, 163 Ky. 796, 174 S. W. 510; Dean's Executor v. Griffin, 217 Ky. 603, 290 S. W. 483; Kellum v. Browning, 231 Ky. 308, 21 S. W. (2d) 459, and other opinions of this court, there may be a recovery on the basis of quantum meriut upon an alleged express contract, or there may be a recovery on an implied contract although the petition may allege an express contract.

In the case before us, the evidence was such that the jury may have found for appellant on an express contract as such a contract may have been implied from the circumstances and surroundings established by the evidence. We need go no further than the evidence of Judge Stites to show that the question was one for the jury. Judge Stites testified: "She told me she had arranged with Miss Ruehl to live with her and take care of her and she was going to give her the house when she died." That is positive testimony to an admission by Miss Davidson that she had a contract with appellant.

It is argued by counsel for appellee, on the authority of Duke's Adm'r v. Crump, 185 Ky. 323, 215 S. W. 41, and Dysart v. Dawkins Log & Mill Company, 222 Ky. 415, 300 S. W. 906, that the demurrer to the petition should have been sustained because an oral agreement to devise real estate to another in consideration of services to be performed is within the statute of frauds (Ky. Stats., sec. 470), and cannot be enforced. That is true, as has been frequently held by this court, but the petition in this case was not one that sought that relief alone. It sought to have the real estate conveyed to the appellant, or, if that could not be done, a judgment for the value of the services rendered by the appellant. In the case of Spalding v. St. Joseph's Industrial School, 107 Ky. 382, 54 S. W. 260, 21 Ky. Law Rep. 1107, it was

held that alternative relief may be sought in the same petition.

The law is announced in the case of Broughton v. Broughton, 203 Ky. 692, 262 S. W. 1089, as to the character of evidence required to establish such a contract. But the question before us is whether there was evidence requiring the submission of the case to the jury, and for that reason the argument of counsel for appellee based upon that opinion and other similar opinions is not well made.

The trial court should have submitted the case to the jury under proper instructions.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.