## Armstrong's Committee v. Clark's Administrator.

(Decided June 19, 1934.)

C. N. HOBSON and D. L. HAZELRIGG for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The suit was filed by Mrs. Emma L. Clark against the committee of Alex Armstrong to recover under an express contract for his board and the pasturage and feed of his sheep and cattle. During its pendency Mrs. Clark died and it was revived by her administrator.

The claim was asserted for the period of March 1, 1926, to January 26, 1931, upon which date Armstrong was adjudged to be of unsound mind and other arrangements were made for his care by his committee. The rate alleged as reasonable for the board and lodging was $30 a month, and it was averred that payment of $177 on account had been made, leaving a balance due of $1,593. The defendant denied all the allegations of the petition and set up as a counterclaim certain sums claimed to be due for borrowed money and the value of

some fencing furnished by Armstrong. At the time he went to live with Mrs. Clark and her husband, who was his nephew, Armstrong was about 84 years old and had been living with his daughter in Frankfort. He was a federal pensioner and had lived in the country all his life. The plaintiff and her husband were young people living a short distance from Frankfort upon a farm owned by her on which there was a mortgage of $3,600. Clark, in addition to running the farm, drove a milk truck and his wife taught school. The testimony of an absent witness presented by stipulation was that in his presence Armstrong had made a verbal agreement with Mrs. Clark that if she would furnish him board and lodging and pasturage for his stock he would pay off the mortgage on her farm as the consideration. Armstrong's brother-in-law, with whom he lived for a while after leaving the Clark home, testified that the old gentleman told him and his wife that his daughter had advised him to go and live with the Clarks and help them pay for their place and that he should make it his home the rest of his days as he was too old to be on the river and it was dangerous for him to be "batching." The plaintiff proved that $30 a month was a reasonable charge for the board and also established the reasonable value of the pasturage and feed. Most of the evidence related to the stock, with which we are not here concerned.

Armstrong, who was then 91 years old, testified without objection. The material part of his evidence is that his nephew said he would like to have him stay with his wife and children as they were by themselves a good deal and were afraid to stay there; that he would be of help and should come and stay and have all the ground he wanted to tend; that he would board him and feed his stock and it would not cost him a cent. Clark denied having made the statement or any such arrangement. The jury returned a verdict for $1,440 for the board, and ignored the claim for the pasturage and feed for the stock. Only the defendant appeals.

Counsel are not in disagreement that it is necessary, because of the relationship and the Hospitality Act (section 2178 Kentucky Statutes), that the plaintiff must have established an express contract in order to recover for the board. Such a contract could be established by evidence of the circumstances from which it could be reasonably inferred that there was a meeting

of minds and an actual agreement to pay and to receive compensation. Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. (2d) 459; Sullivan's Adm'r v. Sullivan, 248 Ky. 747, 59 S. W. (2d) 999; Kreuzman's Adm'r v. Nienaber, 253 Ky. 241, 69 S. W. (2d) 367.

While perhaps the circumstances related here were not sufficient in themselves to establish an express agreement under the rule that such a contract should not be lightly inferred (Kellum v. Browning's Adm'r, supra; Wise v. Goldsmith's Adm'r, 239 Ky. 819, 40 S. W. (2d) 345), those facts fortify the direct evidence of his agreement. While the specific proof was that as compensation the old gentleman agreed to help pay off, or would pay off, the mortgage on the place, it appearing that he had not done so, the measure of recovery was the reasonable value of the services rendered. Benge's Adm'r v. Fouts, 163 Ky. 796, 174 S. W. 510; Yowell v. Bottom, 175 Ky. 635, 194 S. W. 768; Ruehl v. Davidson's Ex'r, 237 Ky. 53, 34 S. W. (2d) 937. We conclude, therefore, that the evidence authorized the submission of the issue to the jury and is sufficient to sustain the verdict.

The appellant also argues that the verdict is excessive. The husband of the deceased plaintiff, who was also her administrator, before objection was made, testified that Armstrong had gone to his home about March 1, 1927, and had lived there until January 26, 1931, a period of 47 months. The petition alleged, and the verified claim filed with the committee showed, that he went there March 1, 1926, and remained 59 months. Using March 1, 1927, as the basis of calculation, counsel submits that the amount due at the rate of $30 a month would be only $1,410 and that the plaintiff had alleged the payment of $177 on account, so that she was entitled to recover in any event only $1,233, while the verdict was for $1,440. But the defendant had denied payment of $177 and there was no evidence whatever relating to the credit. While it was shown the old gentleman had paid for about 400 rods of fencing erected on the place, there was no definite evidence of value and some evidence that Clark had repaid him, so the claim of a credit on this account does not seem to have been indisputably established. Nor was the committee entitled to credit for loans which it was sought to prove had been made to the plaintiff's husband. There was some references in the course of the evidence to the old gentleman having been in the home during 1926 and that

the statement in the evidence that he had gone there March 1, 1927, was possibly an error and 1926 was intended as was set up in the pleadings. The jury concluded that he had been there four years and allowed compensation for that period. Disregarding the claimed credits, the difference would be only $30. For these reasons, we are not prepared to say that the verdict is excessive.

The instruction clearly submitted that if the jury believed that Emma Clark, within the time between March 1, 1926, and January 26, 1931, had furnished Armstrong board and lodging under an agreement that she should be paid therefor, they should find for the plaintiff the customary and reasonable value of the board and lodging within the amounts claimed, and unless they so believed they should find for the defendant. The appellant argues that this was not enough as it did not present its defense which it had affirmatively pleaded that Armstrong was living in the home as a matter of mutual convenience and because of the relationship. It seems to us that the instruction fully covered the issue, which was simply whether there was an express agreement to pay or not. The instruction offered by the defendant would not have done more.

Wherefore the judgment is affirmed.