## Holcomb v. Kentucky Union Co.
(Decided Jan. 21, 1936.)

NAPIER & EBLEN for appellant.

SAMUEL M. WILSON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

A. B. Holcomb, a citizen and resident of Perry county, Ky., brought this action against the Kentucky Union Company, a corporation, which resided and had its principal office or chief place of busness in Fayette county, Ky.

In his petition Holcomb sets up an oral contract with the Kentucky Union Company, wherein the latter proposed that if he would continue working for it until all litigation over its large tract of land terminated, it would furnish him rent free about 200 acres of land on Beehive creek, Perry county, Ky., the acreage to be laid off in such manner as he desired to include the residence in which he resided and all out buildings, orchard, garden, and adjacent cleared land; that he accepted the proposition in September, 1919, and continued in its employment and occupied a certain 200 acres of its land until June 4, 1929, at which time it sold and conveyed all of its land, including the 200 acres, and thus disregarded its contract with him. In reliance upon this contract, he alleges, he erected between September, 1919, and June 4, 1929, lasting and valuable improvements on the 200 acres, enhancing its value $5,000. During this time it paid him compensation of $50 per month for the services performed by him under its contract, but the same were reasonably worth $150 a month. The total sum for his alleged services and the value of the improvements are fixed in his petition at $16,600, for which he asked a personal judgment against the Kentucky Union Company. He alleges that this contract was made, and to be performed, by him and the Kentucky Union Company in Perry county. The summons on his petition was served on the Kentucky Union Company in Fayette county.

Reserving all questions without entering its appearance and protesting against doing so, it filed a special demurrer to the jurisdiction of the court; pleaded that

another action at law was pending in equity, having been transferred thereto, in the Perry circuit court, "between the same parties for the same alleged cause of action and that it was undisposd of." Still protesting against the jurisdiction of the court and declaring its purpose not to enter its appearance, it filed a special plea to the jurisdiction of the court. Section 92, Civil Code of Practice. Its special plea states facts showing the contract sued on was verbal, invalid, and unenforceable against it; that the 200 acres of land described in the petition was a part of a large tract of land; and that Holcomb neither asserted, nor sought in his petition to enforce a lien on the 200 acres, and pleaded that if he had any cause of action on the facts stated in his petition, it arose "solely and exclusively by operation and construction of law and not upon any contract" between it and Holcomb "entered into at any time or place or to be performed at any time or place, either express or implied." It charged that his cause of action, if any he had, is transitory; the summons had been executed in Fayette county on its president who resided, and its chief office and place of business was in that county. The trial court overruled the special demurrer, but later on a reconsideration sustained it and the plea in abatement. Holcomb declined to plead further and the petition was dismissed.

The question presented for decision must be determined on the facts stated in the petition and are the plea in abatement, in connection with sections 72 and 78, Civil Code of Practice.

Section 72 reads:

"An action against a corporation which has an office or place of busniess in this State, or a chief officer or agent residing in this State, must be brought in the county in which such office or place of business is situated or in which such officer or agent resides; or, if it be upon a contract, in the above-named county, or in the county in which the contract is made or to be performed; or, if it be for a tort, in the first-named county, or the county in which the tort is committed."

Section 78 is in this language:

"An action which is not required by the foregoing sections of this article to be brought in some other

county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

In Holcomb's brief it is stated:

"The question is whether or not the Perry circuit court is the proper venue for an action against a corporation of Fayette county under a contract entered into with that corporation by a Perry county citizen to be performed in Perry county."

On this premise he insists that the cases of Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121, and City of Covington v. Limerick, 40 S. W. 254, 19 Ky. Law Rep. 330, are controlling. He contends further that:

"The rule is well established in this State that a verbal contract for the sale or transfer of land is unenforcible and invalid. The rule, however, is modified in cases where the grantee is placed in possession of the land by the grantor, and while there bona fidely claiming and holding the land as his, puts valuable permanent improvements thereon. In such case the grantor cannot recover the land until he places the grantee in statu quo. * * * He must pay a reasonable price for such valuable and lasting improvements as were placed on the land by the grantee while in good faith relying upon his verbal contract."

Crain v. Crain et al., 197 Ky. 813, 248 S. W. 176; Zanone v. Tashgian, 231 Ky. 454, 21 S. W. (2d) 825; Farley v. Stacey, 177 Ky. 109, 197 S. W. 636, 1 A. L. R. 1181; Ruehl v. Davidson's Ex'r, 237 Ky. 53, 34 S. W. (2d) 937; Dye Bros. v. Butler, 209 Ky. 199, 272 S. W. 426.

Holcomb was not in the possession of the 200 acres at the time this action was filed. He is not relying on possession nor a resisting equity as the basis of his action. Hence, the modified rule in Crain v. Crain et al., is inapplicable.

We have uniformly construed the Code provisions, supra, to the effect that actions for money alleged to be due on contracts are transitory, but if the action is against a corporation and if the contract were entered into or to be performed in a certain county, then such

action is properly filed in the circuit court of the county in which the contract is entered into or to be performed, and that the court has jurisdiction over the subject-matter in such action.

The Kentucky Union Company does not dispute this construction of sections 72 and 78 of the Civil Code of Practice, nor the principles enunciated in the cases cited and relied upon by Holcomb. Its insistence is that on the contract set up in Holcomb's petition considered with its plea of abatement, his cause of action admittedly is within the statute of frauds, and no action may be brought thereon to charge it. Section 470, Kentucky Statutes, and annotation. It contends that on the facts thus presented, whatever cause of action is stated in Holcomb's petition falls within that class of actions known as assumpsit or analogous to assumpsit, and is transitory. Roberts v. Moss, 127 Ky. 657, 106 S. W. 297, 17 L. R. A. (N. S.) 280; Williamson v. Williamson, 183 Ky. 435, 209 S. W. 503, 3 A. L. R. 799. And, therefore, the applicable rule is, a judgment thereon cannot be had against it in Perry county except on a voluntary appearance, and not on service of process in another county. McCallister's Adm'r v. Savings Bank of Louisville, Assignee, 80 Ky. 684.

"Assumpsit, in the law of contracts, is a promise or undertaking, either express or implied, made either orally or in writing not under seal. Express assumpsit is an undertaking made orally, by writing or under seal, or by matter of record, to perform an act or to pay a sum of money to another. Implied assumpsit is an underatking presumed in law to have been made by a party from his conduct." Special assumpsit is an action of assumpsit brought upon an express contract or promise. In special assumpsit the plaintiff grounds his action on some actual express undertaking or promise to pay money, or to do or to omit doing some particular thing." "General assumpsit is an action of assumpsit brought upon the promise or contract implied by law in certain cases. In this form of action the plaintiff * * * grounds his action on certain facts happening or existing between the parties, from which the law raises the implication of a promise." 5 C. J., secs. 1, 2, 3, 4, page 1380; Board of Highway Commissioners v. Bloomington, 253 Ill. 164, 97 N. E. 280, Ann. Cas. 1913A, 471. "General assumpsit" lies on an "express contract when

nothing remains to be done, but the payment of money.''
''The action is a transitory one; is in personam.'' 2
R. C. L. sec. 2, page 743. Newman's Pleading & Practice, vol. 1 (3d Ed.) sec. 24, page 20, states the rule thus:

> ''Where the action is one which might have arisen
> anywhere, it was transitory at common law, and the
> Code, * * * has substantially adopted the ancient
> rule in regard to local and transitory action, * * *
> it was a rule before the adoption of the code, and
> still is a general rule in equity, that where the decree or judgment sought in the action is to affect
> directly the property in controversy, * * * the
> proceeding is in rem, and the jurisdiction is local.
> But where the judgmnet or decree is for the doing
> of an act in reference to the property which might
> be done anywhere, as for the conveyance of the
> title to land or the payment of money, the proceeding is in personam, and the jurisdiction attaches
> in the county where the defendant resides or can
> be served with process.''

See Dunn v. McMillen, 1 Bibb. 409; Brown v. McKee's
Representatives, 1 J. J. Marsh. 471, 474; Parish v.
Oldham, 3 J. J. Marsh. 544, 546; Dicken v. King, 3 J. J.
Marsh. 591.

The action of assumpsit predicated on a contract
implied in law is not a contract obligation in the true
sense, but a quasi contract, constructively imported by
law, as where one has received money or service or
property under such circumstances that in equity and
good conscience he ought not to retain it, in which case
the plaintiff may recover in an action in form ex contractu. Kellum v. Browning's Adm'r, 231 Ky. 308, 21
S. W. (2d) 459.

The oral contract set up in Holcomb's petition concededly being within the statute of frauds, the law implies a promise on the part of the Kentucky Union
Company to pay on which an action of assumpsit will
lie. Marcum's Adm'x v. Terry, 146 Ky. 145, 142 S. W.
209, 37 L. R. A. (N. S.) 885. ''It is fictitiously deemed
contractual, in order to fit the cause of action to the
contractual remedy.'' Miller v. Schloss, 218 N. Y. 400,
113 N. E. 337, 339.

Holcomb's cause of action, if any he has, on the

facts stated in his petition and the plea of abatement, lies not upon the oral contract set forth in his petition, but solely on an implied duty imposed upon the Kentucky Union Company by the operation of law, and is transitory. Therefore, the venue is not fixed by section 72 of the Civil Code of Practice in Perry county, but section 78 governs.

The judgment of the trial court being in harmony herewith, it is affirmed.