## Goodall v. Warden's Adm'r.

Nov. 24, 1939.

Otto C. Martin for appellant.

Kirk & Bartlett for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

On May 24, 1934, the appellee, C. Lee Warden, administrator of Dr. Wm. M. Warden, filed suit for the settlement of Dr. Warden's estate, and approximately 10 months thereafter the appellant, E. H. Goodall, by intervening petition, filed a claim on a promissory note of $5,000, which he alleges was executed and delivered to him by Dr. Warden. The note was dated October 10, 1931, payable five years after date, and the signature, Wm. M. Warden, appeared twice. Although appellant failed to file his claim until 10 months after the action was filed, the evidence discloses that he knew all during this time that the action was pending.

The administrator pleaded in defense of this claim that the note was a forgery, that at the time it purports to have been executed Dr. Warden was of unsound mind and that there was no consideration for the note. The cause was referred by the court to a special commissioner to hear proof, and on December 31, 1935, after considerable proof had been heard, appellant amended his petition and claim, alleging in substance that on the 10th day of June, 1930, Dr. Warden made an express contract with him to "come to his home, wait on him and stay with him and look after his personal wants and

business matters and do errands for him and make trips for him and look after his lands and timber for him''; that he rendered such services under such employment from June 10, 1930, until December 31, 1931, during which time his services were reasonably worth $2100; that on October 10, 1931, Dr. Warden agreed with him that if he would remain in Centertown with the decedent and continue to render the services he had been rendering, he, Dr. Warden, would give the appellant $5000 and that he remained and performed these services and that the note was for services already rendered and thereafter to be rendered by appellant.

Issue was properly joined on these pleadings and after a large amount of proof was heard the special commissioner made a report disallowing the claim, in which he found that the note was not signed by Dr. Warden, that Dr. Warden was of unsound mind at the time the note bears date and that the note was without consideration. He further found that no such services were rendered by appellant to Dr. Warden as would entitle the appellant to recover upon either an express or implied contract. Exceptions were filed to this report but were overruled by the trial court and the report was approved and confirmed. Judgment was entered dismissing appellant's claim and he prosecutes this appeal from that judgment.

It is insisted by appellant that the burden of showing lack of consideration for the note was on the appellee and that he failed to meet this burden. There is no merit in this contention, however, since appellant alleged the consideration of the note. While, ordinarily, the burden of showing lack of consideration of a note is on the maker, the rule is well established in our state that where the consideration is alleged and denied, the burden is on the plaintiff to prove it. Clark County Nat. Bank v. Allen, 262 Ky. 236, 90 S. W. (2d) 17; Coons et al. v. Bank of Commerce et al., 233 Ky. 457, 26 S. W. (2d) 15; Mutual Oil Refining Co. v. Clay et al., 206 Ky. 371, 267 S. W. 200.

It is earnestly insisted for appellant that the findings of the commissioner and the trial court, that Dr. Warden was of unsound mind at the time the note bears date and that the note was not signed by Dr. Warden, are not sustained by the evidence. Each party introduced many witnesses on these issues. On the issue of

non est factum more witnesses testified for appellant than for appellee and expressed the opinion that one of the signatures appearing on the note was in Dr. Warden's handwriting. We might add the body of the note was written by appellant. However, all witnesses on both sides make it clear that at least one of these signatures was not that of Dr. Warden. We might add also that the evidence discloses that Dr. Warden signed checks and prescriptions himself and wrote them on a typewriter. We have considered this testimony carefully and are not prepared to say that the weight of the evidence shows so decidedly that the note was signed by Dr. Warden that the judgment of the chancellor on this point should be reversed. The most we can say is that on this issue our minds are left in doubt and in such circumstances it is incumbent on us to follow the finding of the chancellor. Especially is that true here where the note appears in the unusual form of being written by appellant and signed twice by Dr. Warden.

We are confronted with about the same situation on the issue as to the soundness of Dr. Warden's mind although we are not as much in doubt as to the correctness of the chancellor's finding as we are as to the handwriting issue. Many witnesses for appellant testify as to Dr. Warden's mental capacity, but about an equal number testify as to his lack of capacity and a number of these fortified their testimony by relating incidents showing mental unsoundness. One of these incidents was that Dr. Warden at one time got lost and entered a neighbor's house near his own home and after being informed that he was in the wrong house again got lost on a lot near his own home and had to be again directed to his house by a neighbor. No medical witnesses testified for appellant on this issue but three doctors appeared for appellee, all testifying that Dr. Warden in August, 1931, was in an advanced stage of senile dementia (he was 75 years of age, or more). These physicians all express the opinion that he was incompetent to transact business at that time. In this state of the testimony it is clearly our duty to uphold the finding of the chancellor.

In view of the conclusions we have reached we are relegated to the question of whether or not appellant's evidence was sufficient to authorize a recovery by him for services rendered, independent of the note.

The appellant testified as to the making of a con-

636

tract between him and Dr. Warden for his services and testified in detail as to services rendered by him and also concerning the execution and delivery of the note. The trial court sustained exceptions to all of this testimony as being incompetent under Civil Code of Practice, Section 606, subsection 2. While practically admitting the incompetency of appellant's testimony as an original proposition, it is urged that the administrator, who was also a brother and sole heir at law of Dr. Warden, thereafter testified and thereby made appellant's testimony competent. Even had the trial court considered the testimony of Lee Warden, the appellant's testimony would have been made competent only as to the facts or transactions to which Lee Warden testified. Civil Code of Practice, Section 606, subsection 5. However, appellant filed exceptions to this testimony which were sustained and the trial court did not consider the testimony. As his testimony was not considered, the mere fact that he had given a deposition did not render appellant's testimony competent. The trial court's action in sustaining appellant's exceptions eliminated this testimony from the case.

With appellant's testimony eliminated from the case there is hardly a scintilla of evidence establishing an express contract or agreement upon Dr. Warden's part to pay for services. We have no doubt as to the correctness of the chancellor's finding that there was no express contract. Nor was the evidence sufficient to establish a contract implied in fact within the rule as laid down in Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. (2d) 459. The facts proven as to the services and the conduct and relationship of the parties are not such as we would imply that a contract for services and payment therefor existed.

Since the evidence is not sufficient to establish an express contract or a contract implied in fact, appellant's right of recovery, if any, is necessarily based on a contract implied in law. As said in Marcum v. Terry, 146 Ky. 145, 142 S. W. 209, 210, 37 L. R. A., N. S., 885, "the law implies a promise where the party ought to promise." A contract is implied in law without regard to the assent of the party upon whom the obligation is imposed, but implication of a contract to pay for services is greatly narrowed by rules of statutory and judicial construction, as pointed out in Kellum v. Browning's Adm'r, supra, and many cases therein referred to.

The law does not imply a contract to pay for any or all services rendered by one person to another, and the evidence in this case convinces us that no contract should be here implied. The competent testimony discloses in substance that appellant went to the home of Dr. Warden most every day and very frequently went to the grocery store to get groceries for him and frequently took him on short trips in appellant's automobile. On one or two occasions it is shown that he cooked breakfast at Dr. Warden's house and once or twice it is shown that he did some hauling in a wheelbarrow at the doctor's home. We do not feel that services of this character, to the extent shown to have been performed in this case, and under the circumstances disclosed by this record, are such as to warrant us in saying that in equity and good conscience, Dr. Warden should have paid therefor. On the contrary, it rather appears that appellant's services to Dr. Warden originated out of the mutual advantages of the association between the parties or possibly out of the plan or design on appellant's part to obtain money from the doctor's estate by securing the note on which he filed his claim. This note was for an amount far, far greater than the value of any services that Dr. Warden could possibly require during the five-year period covered by the note.

We are of the opinion that the special commissioner and the chancellor correctly found that such services as were rendered by appellant to Dr. Warden were rendered under such circumstances, and were of such character, that no contract should be implied on Dr. Warden's part to pay therefor.

Judgment affirmed.