## Spitzlberger v. Johns.

June 9, 1942.

Barbour & Bassmann for appellant.

Benton & Benton for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

This action was instituted by appellee, W. L. Johns, seeking to recover of appellant, Lawrence M. Spitzl-

berger, the sum of $1,000 for money loaned appellant by appellee and the additional sum of $4,000 for services rendered appellant in respect to the management and care of his property and business affairs while he was incarcerated in the federal penitentiary in Atlanta, Georgia, from the 6th day of June, 1934, to the 16th day of March, 1936.

Appellant defended upon the ground that appellee had paid himself, from moneys collected as agent of appellant, more than enough to compensate him for his services. He filed counterclaim seeking judgment against appellee in the sum of $2,167.42 for money he alleged appellee had failed to account for in handling his affairs, and the additional sum of $2,371.20 for furniture, fixtures, and equipment which he alleged were lost while his property was under the care of appellee. Judgment was pronounced in favor of appellee upon a verdict for $2,000. From that judgment this appeal has been prosecuted.

The loan consisted of money which appellee had borrowed at a bank in his own name and which he had used in appellant's behalf in the conduct of the business hereinafter described. No claim is made, or could be made, that the services rendered appellant by appellee were not performed or were not worth the value fixed by the jury.

For approximately six weeks appellee operated a night club as agent for appellant. Appellant proved by the cash register slips that the gross receipts of the night club for this period of time amounted to the sum of $2,798.27 and it was proven that $630.85 of this amount was disbursed in payment of various legitimate expenses, none of which included the purchase of beverages and food, or the payment of salaries and wages for bartenders, cooks, dishwashers, musicians, and other necessary employees of the night club. Appellee testified that with the exception of approximately $500 the entire balance was expended in payment of such items. He testified, and it was not denied, that appellant's sister, who had the authority to do so, received for appellant approximately $500 of the gross receipts. He was unable to introduce an itemized statement showing the detailed expenditures but gave a satisfactory explanation of the reason he was unable to produce such a list. That reason was: that a short time after appellant's return from the

penitentiary they met at appellee's home, at which time he made a complete accounting to appellant and delivered to him all receipts and documents pertaining to the transactions involved; that appellant took them to his home in order to give them more careful study.

It is contended by appellant that he was entitled to a peremptory instruction in the amount of the first item of his counterclaim upon the failure of appellee to introduce detailed evidence of the manner in which the gross receipts were expended. But with this contention we cannot agree. While it is true that an agent must account to his principal for all moneys collected in the principal's behalf, Hildreth v. Ayer & Lord Tire Co., 108 S. W. 255, 32 Ky. Law Rep. 1212, only one such accounting is necessary to satisfy the requirement. Obviously appellee cannot produce now an itemized list of the expenses, if the records he kept are in the possession of appellant. It is true appellant testified no such accounting was made but that was a question for the jury to determine. Appellant admitted that he went to appellee's home for the purpose of receiving an accounting, and that they parted on friendly terms at the conclusion of the conference. Letters and copies of letters were introduced showing that appellee reported to appellant with meticulous detail practically all of the transactions he testified to on the trial of the case. Appellant did not deny the evidence introduced in support of the services rendered nor did he claim that he had made any direct payment for such services. He denied that there was an agreement, either expressed or implied, to pay for such services, but his testimony in this respect is refuted by the circumstances proven. Appellee was a real estate broker and was employed by appellant to look after his property during his absence. In order to properly carry out directions in this respect, being unable to obtain a suitable tenant at the time, he undertook the management of appellant's night club. This was done at the specific written request of appellant. Virtually every other service performed for appellant was at his direct request; therefore the request for, and acceptance of, such services certainly implied a promise to pay therefor. The law implies a contract between every man who transacts business for another at the request of that other, where there is no express contract between them. 12 Am. Jur., page 500, footnote 9; Massie v. Watts, 6 Cranch 148, 3 L. Ed. 181. As said in Marcum's Adm'x

v. Terry, 146 Ky. 145, 142 S. W. 209, 37 L. R. A., N. S., 885, and Goodall v. Warden's Adm'r, 280 Ky. 632, 133 S. W. (2d) 944, 946, "The law implies a promise where the party ought to promise." The condition of the record is simply this: Appellee proved the loan and services; the loan has not been paid; the services have not been compensated for. The evidence was sufficient to sustain the verdict of the jury that appellee had satisfactorily accounted to appellant for all monies collected while acting as his agent. Appellant offered no proof in support of his counterclaim based upon the allegation that furniture, fixtures, and equipment had been lost while in the custody of appellee; and did not offer sufficient proof that appellee was short in his accounts to submit that issue to the jury.

Wherefore the judgment is affirmed.