## Israel's Adm'r v. Rice.

Oct. 5, 1943.

Troy D. Savage for appellant.

S. Jewell Rice for appellee.

Opinion of the Court by Van Sant, Commissioner—Affirming.

The appeal is from that part of the judgment of the Fayette Circuit Court in the final settlement of the estate of Olivia E. Israel, deceased, allowing Nannie D. Rice to recover from the the administrator the sum of Twenty-One Hundred Dollars ($2,100) for extraordinary services rendered the decedent within the five (5) years next before her death. For the last seven (7) years of her life the decedent made her home in the residence of appellee. She originally agreed to pay appellee the sum of Fifteen Dollars ($15) per month, which it is claimed was for room and breakfast only. After two or three years she became more or less enfeebled, gradually grew worse, and finally died, while still a resident in the home of appellee.

The proof shows that for the last five (5) years of Miss Israel's life, appellee furnished her three meals a day, massaged her body to alleviate suffering from rheumatism, nursed her in frequent illnesses, carried water to her room, bathed her feet at night, helped her dress, cleaned her shoes, washed, ironed, and mended her clothes, and generally served her in an extraordinary capacity. There was no specific contract to pay for these

extraordinary services, but they were demanded by Miss Israel and performed by Miss Rice. While the proof as to the consideration for the payment of Fifteen Dollars ($15) per month is meager, the evidence is uncontradicted that, for the first few months of the period of time she was a roomer in Miss Rice's home, the only consideration Miss Israel received for the payment of the Fifteen Dollars was the service of breakfast and use of a room, which she was required to keep in order herself. This evidence, we think, uncontradicted as it was, is sufficient to establish the fact that such was the full service contemplated by the parties under the contract for the payment of Fifteen Dollars per month; and, while we are cognizant of the rule that, in the case of a claim for services rendered outside and beyond the express agreement for like or similar services, the evidence must be strong, decisive, and convincing (Flynn's Executor v. Mullett, 254 Ky. 90, 70 S. W. (2d) 978), we think the rule not applicable to the facts of this case. The extraordinary services for which the claim herein was filed were not like or similar services to those which she originally received and for which she paid the sum of Fifteen Dollars per month. The service rendered under the original contract was the furnishing of a room and one meal, whereas the extraordinary services recited above were totally different, and certainly worth far more than the amount paid. It is almost a matter of common knowledge that, in a city the size of Lexington, one could not furnish, without loss, more than a room and breakfast for Fifteen Dollars per month.

Under the circumstances of this case, we are of the opinion that there was an implied contract on the part of Miss Israel to pay Miss Rice the reasonable value of the extraordinary services rendered her, and that they were not covered by the contract which she discharged by the payment of Fifteen Dollars per month. Dean's Ex'r v. Griffin, 217 Ky. 603, 290 S. W. 483; Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S. W. (2d) 459, 463. Appellee and Miss Israel were not related, and the former was under no duty to render the services for which the claim has been filed. In the American Law Institute's Restatement of the Law of Contracts, Vol. 1, Section 21, page 27, it is said: "The manifestation of mutual assent may be made wholly or partly by written or spoken words or by other acts or conduct." In the comment under this statement of the principle involved, that authority fur-

ther recites: "Words are not the only medium of expression. Conduct may often convey as clearly as words a promise or an assent to a proposed promise, and where no particular requirement of form is made by the law a condition of the validity or enforcibility of a contract, there is no distinction in the effect of a promise whether it is expressed (1) in writing, (2) orally, (3) in acts, or (4) partly in one of these ways and partly in others."

In Kellum v. Browning's Adm'r, supra, the Court said: "Thus, where one performs labor or services for another with his knowledge and assent and under circumstances which ordinarily call for payment, there is a presumption that the beneficiary intended payment and that there was an assent of minds as to this." In Marcum's Adm'x v. Terry, 146 Ky. 145, 142 S. W. 209, 210, 37 L. R. A., N. S., 885, the Court said: "the law implies a promise where the party ought to promise."

The value of the additional services was fixed by the Master Commissioner, and approved by the Court, in the sum of Twenty-One Hundred Dollars ($2,100) for a period of five (5) years. We consider this evaluation to be reasonable.

Wherefore, the judgment is affirmed.