**FORD MOTOR CREDIT COMPANY,**
**Appellant,**

v.

**BLACKJACK COAL COMPANY,**
**Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1980.

William R. Mapother, John O. Morgan, Jr., Louisville, for appellant.

William A. Young, Frankfort, for appellee.

Before GANT, COOPER and REYNOLDS, JJ.

GANT, Judge.

Ford Motor Credit Company filed a suit in Jefferson County against Blackjack Coal company for the deficiency on a promissory note remaining after the repossession of mining equipment subject to a security agreement. The lower court dismissed this action on the grounds of improper venue, and Ford appealed.

Ford argues that this action is on a contract and subject to KRS 452.450, which permits an action against a corporation to be brought where the contract is to be performed. Blackjack takes the position that the action is transitory and thus subject to KRS 452.480, requiring that the action be brought in the county in which the defendant resides, which is Franklin County.

The applicable statutes are:

KRS 452.450. Where tort or contract action against corporation must be brought.—Excepting the actions mentioned in KRS 452.400 to 452.420 both inclusive, and in KRS 452.430, 452.440, 452.445, 452.455, 452.465 and in KRS 452.-475, an action against a corporation which has an office or place of business in this state, or a chief officer or agent residing in this state, must be brought in the county in which such office or place of business is situated or in which such offi-

cer or agent resides; or, if it be upon a contract, in the above-named county, or in the county in which the contract is made or to be performed; or, if it be for a tort, in the first-named county, or the county in which the tort is committed.

KRS 452.480. Where transitory action may be brought.—An action which is not required by the foregoing provisions of KRS 452.400 to 452.475 to be brought in some other county may be brought in any county in which the defendant, or in which one (1) of several defendants, who may be properly joined as such in the action, resides or is summoned.

■ The courts of Kentucky have long held that these two sections must be construed together. It is obvious that KRS 452.480 applies only when those sections enumerated therein do not require the action to be brought in some other county. The court set out the applicable standard in *Trinity Universal Ins. Co. v. Mills*, 293 Ky. 463, 468; 169 S.W.2d 311, 314 (1943), as follows:

> [I]t is argued, that under Section 78 [KRS 452.480] of the Civil Code of Practice, this is a transitory action . . . since that section excludes from its provisions an action which is required to be brought in some other county by a foregoing section of the article of which it is a part; and, since Section 72 [KRS 452.450], which covers actions of this sort, is one of the foregoing sections of that article, it is patent that the provisions of Section 78 [452.480] cannot be relied on . . .

Although the case law in this jurisdiction may seem confusing at first examination, much of this confusion arises from the misuse and interchanging of the words "jurisdiction" and "venue." As set out in Am. Jur.2d *Venue* § 1, page 832, "While jurisdiction is the power and authority of the court to act, venue is the place where the power to adjudicate is to be exercised, that is, the place where the suit may be or should be heard." KRS 452.450 provides that where *the action is one of contract, there are four counties in which the action may be brought.* These are (1) the county in which

the corporation has its office or place of business; (2) the county in which the chief officer or agent resides; (3) the county in which the contract is made; and (4) the county in which the contract is to be performed. It is the fourth category which has caused the difficulty in this case and many others. The answer is clearly set out in *Job Iron & Steel Co. v. Clark*, 150 Ky. 246, 249, 150 S.W. 367 (1912):

> Our construction is that the words "to be performed" have reference to a contract that is to be performed *wholly or in all its essential parts in one county*, and that when a contract provides that it may be performed in more than one county the venue of the action is confined to the other counties mentioned in the section [KRS 452.450] in which the action may be brought.

 \*   \*   \*   \*   \*   \*

In providing that certain actions should only be brought in specific counties, and giving the right to bring other actions in any county in which the defendant might be served with process, it was evidently the intention of the framers of the Code to confine to the counties named, the actions the Code localizes and not to permit these actions to be brought in any other county. In carrying out this scheme to localize certain actions, Section 72 [452.450] specifically points out four counties in which an action upon a contract against a corporation may be brought, but if the construction contended for by appellees is correct the right to bring an action against a corporation would be, in certain states of case, extended to all counties in the state. For example, if any agent had authority to sell goods in every county in the state, and his compensation depended on commissions for making sales, he could bring his action against his employer in any county in which he sold goods, as his contract would, in part, have been performed in that county.

We do not think it was intended by the Code provision to thus enlarge the number of counties in which the action might

be brought, or to extend the jurisdiction to any county in which something under the contract might be done. This construction would destroy entirely the localizing feature contemplated by the Code. It is true that under our construction, if the contract was of such a nature that it might be performed in part in any number of counties and was not to be wholly or in its essential features performed in any single county the party to the contract desiring to sue the corporation would be obliged to bring his action in the county in which the contract was made or in the county in this State in which the corporation had an office or a place of business or a chief officer or agent, and to this extent he would be deprived of the right to bring it in one of the counties in which, under certain conditions, it might be brought. But this circumstance does not impose on the party desiring to bring the suit any hardship or place him at any disadvantage.

■ In other words, where the action is founded in contract, it may be brought in the county in which the contract is to be performed provided it is to be performed wholly or in all its essential parts in that county. If the contract is to be performed, in its essential parts, in more than one county, it does not make the action transitory and thus subject to KRS 452.480, as urged by the appellee, but being an action on contract it remains controlled by KRS 452.450 and must be brought under one of the other three mandates of that section.

The cases of *Holcomb v. Kentucky Union Co.*, 262 Ky. 192, 90 S.W.2d 25 (1936), and *Glasscock v. Louisville Tobacco Whse. Co.*, 31 K.L.R. 702, 103 S.W. 319 (1907), would seem to differ from the rules enunciated above, especially when words and phrases used out of context are utilized. However, upon close examination we find that *Holcomb* is clearly distinguishable. The court in that case stated that it was "not a contract action in the true sense." As a matter of fact, it was an action in quantum meruit for the value of services and improvements and the court specifically said therein that,

had it been a contract action, it would have fallen under the statute of frauds. This case clearly has no application here.

The *Glasscock* case falls squarely under the holding of *Job Iron & Steel, supra.* It was an action in contract, not quantum meruit. The oral contract called for the individual to purchase and ship tobacco in Breckinridge County, with commissions to be paid by drafts drawn in Louisville. In holding that venue was in Breckinridge County, the court noted that ". . . the contract in all its essential elements was to be performed in Breckinridge County."

■ Although there is language in the cases to the effect that where nothing remains to be done but payment of money, the action is a transitory one, those are cases in which the contract called for labor, services, commissions, etc. The contract before us in this case is simply a security agreement and note and the sole purpose of the contract is the payment of money. Thus it may clearly be brought in the county where the payments are to be made, these payments being the whole and totally essential part of the contract.

■ The appellee argues that the action was transitory because the contract specified that payment was to be made to the appellant "at Hurstbourne Park, Suite 222, 9200 Shelbyville Rd., Louisville, Ky. 40222, or at such other place as the holder thereof may from time to time designate in writing." This last phrase is clearly one made in contemplation of the possibility of change of address or assignment of the note and security agreement. The facts show that all payments were made prior to default at the address set out in the note. There was no evidence of venue shopping or modification. This was clearly in accord with the "localizing feature contemplated by the [statute]" as discussed in *Job Iron & Steel.*

■ Where a contract is for the payment of money at a designated office or to a designated person at a specific location, it is a contract which is to be performed wholly or in all its essential parts in one county,

and thus pursuant to KRS 452.450, an action against the defaulting corporation may be brought in that county.

The judgment is reversed and the case is remanded to the circuit court.

All concur.